1  Charles R. Messer (SBN 101094)
   messerc@cmtlaw.com
2  David J. Kaminski (SBN 128509)
   kaminskid@cmtlaw.com
3  Stephen A. Watkins (SBN 205175)
   watkinss@cmtlaw.com
4  CARLSON & MESSER LLP
   5901 W. Century Boulevard, Suite 1200
5  Los Angeles, California 90045
   (310) 242-2200 Telephone
6
   Attorneys for Defendant
7  *CALIFORNIA SERVICE BUREAU, INC.*

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  SANDRA WEST and HECTOR            )   Case no. 4:16-cv-03124-YGR
    MEMBRENO, individually and on behalf of )
13  all others similarly situated,    )
                                      )   **OBJECTIONS TO REPLY EVIDENCE**
14              Plaintiffs,           )   **(LR 7-3(D)(1)) AND MOTION TO STRIKE**
                                      )
15       vs.                          )   Date: December 5, 2017
                                      )   Time: 2:00 p.m.
16                                    )   Courtroom: 1
    CALIFORNIA SERVICE BUREAU, INC.,  )   Judge: Hon. Yvonne Gonzalez Rogers
17                                    )
                Defendant.            )
18                                    )
                                      )
19  _____ )

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule LR 7-3(d)(1), California Service Bureau, Inc. ("Defendant" or "CSB") hereby objects to, and moves to strike the following:

    (1)  the Declaration of Anya Verkhovskaya submitted in support of Plaintiffs' Reply in Support of Class Certification (ECF 56-2);

    (2)  Paragraphs 12-16 of the Declaration of Yitz Kopel filed in support of Plaintiffs' Reply in Support of Class Certification ("Reply Kopel Declaration") (ECF 56-1).

## 1.    <u>BACKGROUND</u>

Pursuant to this Court's June 13, 2017 Order (ECF 39), Plaintiffs' expert reports were due on July 19, 2017 and rebuttal reports by August 23, 2017.  On July 19, 2017, Plaintiffs served the expert report of Jeffrey Hansen.  As discussed during the September 11, 2017 Case Management Conference, CSB contended that the Mr. Hansen's opinion that CSB auto-dialed about 230,000 cell phone numbers was erroneous, and that the true number was zero.  After CSB deposed Mr. Hansen, the Plaintiffs voluntarily served a Notice of Withdrawal of his numerical estimates of the class size (which explains why the *Daubert* motion which defense counsel threatened to file during the September 11, 2017 Case Management Conference was never filed).

Instead of relying on the discredited Jeff Hansen, Plaintiffs' Motion for Class Certification relied on their lawyer's declaration (Yitz Kopel) to estimate the class size.  Now, in support of their reply, Plaintiffs submit the Verkhovskaya Declaration to estimate class size.  Ms. Verkhovskaya claims that that ten percent of names that resulted from reverse look up of cell phone call records did not match the names in CSB's records.  Plaintiffs assert these are class members, and therefore there is numerosity.  Plaintiffs double-down on improper and erroneous testimony regarding class size by again filing the untimely declarations of Ms. Verkhovskaya and Mr. Kopel.  Both declarations should be excluded.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2.   PLAINTIFFS' EXPERT TESTIMONY SUBMITTED FOR THE FIRST TIME IN A REPLY SHOULD BE EXCLUDED

N.D. Cal. Civ. L.R. 7–3(d)(1) provides that "If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion."

In general, a court will not consider evidence submitted for the first time in reply without giving the opposing party an opportunity to respond.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  Not only do Plaintiffs introduce new evidence in support of their reply, they do so via the expert Verkhovskaya Declaration.  This provides additional grounds for exclusion.

"Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the [trial] judge, including dismissal, entry of default or contempt of court." *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009) (citing Fed.R.Civ.P. 16(f), 37(b)(2)).  As authorized by Rule 26(a)(2)(C), the scheduling order set the timing and dates for expert disclosures and incorporated what Rule 26(a)(2)(B) requires to be disclosed.  Untimely expert disclosure implicates Federal Rule of Civil Procedure 37(c)(1). This Rule provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless...."  Fed.R.Civ.P. 37(c)(1)

Relying in part on the Ninth Circuit's decision in *Provenz,* the Court in *In re ConAgra Foods, Inc*., 90 F. Supp. 3d 919, 957–58 (C.D. Cal. 2015), struck an expert declaration filed in support of reply in support of class certification.  *ConAgra* is on all fours with this case, and the Verkhovskaya Declaration should be stricken.

The defendant in *ConAgra* asserted that the reply expert declaration of Dr. Kozup should be stricken in its entirety because, at no time during the pendency of the litigation did plaintiffs designate Dr. Kozup as an expert witness.  *Id.* at 957.  In striking the declaration, the Court in *ConAgra* reiterated the importance of Rule 26 in avoiding surprise expert testimony.  *Id.* at 958

1   The court noted it had issued a modified scheduling order that addressed, inter alia, the filing of

2   an amended motion for class certification and set specific dates by which plaintiffs and defendant

3   had to make expert witnesses on whom they intended to rely in connection with the amended

4   motion available for deposition. *Id.*

5        The plaintiffs in *ConAgra* did not submit the expert's declaration in support of their

6   original class certification motion. *Id.* at 958.  Nor did the plaintiffs in *ConAgra* indicate they

7   intended to rely on the expert's testimony in connection with the amended motion. *Id.*  "Given

8   this history, ConAgra could not reasonably have been expected to intuit that plaintiffs intended

9   to offer Kozup's testimony in reply to its opposition to the amended motion." *Id.*

10        Because ConAgra had no notice that plaintiffs intended to rely on Dr. Kozup as an expert

11   witness and thus no opportunity to depose him or otherwise test the veracity of his statements

12   and opinions, the Court in *Conagra* held that "Kozup's expert declaration, filed for the first time

13   with plaintiffs' reply, is untimely."  The Court struck the Kozup declaration and did "not consider

14   it in deciding the amended certification motion." *Id.* (citing *Provenz*, 102 F.3d at 1483).

15        Similarly, the untimely Verkhovskaya Declaration presents untimely expert testimony.

16   Specifically, she testifies as to her skill in "analyz[ing] call records to identify class members."

17   Verkhovskaya  Decl. ¶ 3.  She also attests as to her familiarity with use of reverse lookup and

18   call data analysis.   Verkhovskaya  Decl. ¶¶ 3-5.   She therefore asserts "specialized knowledge

19   using specific facts or data"  Fed.R. Evid. 702.

20        Per *Provenz* and *ConAgra,* Ms. Verkhovskaya's untimely expert report must be excluded.

21   As the court in *Northwest Pipeline Corp. v. Ross*, No. C05-1605RSL, 2008 WL 1744617, at *8

22   (W.D. Wash. Apr. 11, 2008), explained, "[w]hen a party fails to disclose or supplement its

23   discovery responses in accordance with Rule 26(a) and (e), Rule 37(c) provides the remedy: . . .

24   the party is not allowed to use that information or witness to supply evidence . . . ." The Ninth

25   Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions

26   under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th

27   Cir. 2001).  Rule 37(c)(1)'s exclusionary sanction has been characterized by the Ninth Circuit

28   and the advisory committee notes as "automatic" and "self-executing." *Id.*

3. <u>**PLAINTIFFS DID NOT AND CANNOT MEET THEIR BURDEN TO SHOW**</u>
<u>**LATE DISCLOSURE WAS SUBSTANTIALLY JUSTIFIED AND HARMLESS**</u>

It is Plaintiffs' burden to prove the late disclosure was substantially justified and harmless. *Yeti*, 259 at 1107. Plaintiffs cannot do so. Plaintiffs withdrew their expert's numerical estimates of the class size right before filing their Motion for Class Certification. Now, the Verkhovskaya Declaration seeks to establish class size. The inadequacy of Plaintiffs' first expert's estimates is not substantial justification for an untimely expert disclosure.

The late disclosure is not harmless. The Ninth Circuit has held that disruption of the district court's schedule is not harmless. *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). The Court's June 13, 2017 Order (ECF 39) set a deadline of September 29, 2017 for expert discovery. The Court's September 11, 2017 order set Plaintiffs' class certification deadline for October 6, 2017. CSB cannot address Plaintiffs' new analysis without modifying the current scheduling order. *See Allen v. Similasan Corp.*, 306 F.R.D. 635, 641 (S.D. Cal. 2015) (excluding untimely supplemental reports filed in support of class certification in part due to short notice).

Any argument that further deposition can alleviate prejudice lacks merit. *Nw. Pipeline Corp.*, 2008 WL 1744617, at *9. Class certification has already been briefed and the hearing set for December 4th. As Plaintiff's initial expert did not provide notice of the call data analysis that is in the untimely Verkhovskaya Declaration, this shows prejudice. *Similasan Corp.*, 306 F.R.D. at 641 (excluding untimely supplemental reports filed in support of class certification where new theory asserted in the untimely supplemental report). *See also In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. 08-MD-01930 MMC, 2011 WL 227661, at *3 (N.D. Cal. Jan. 24, 2011) (striking untimely expert declaration filed in support of class certification).

**4.**     **THE EXPERT DISCLOSURE DEADLINE IN THE COURT'S JUNE 13, 2017 ORDER APPLIES TO CLASS CERTIFICATION**

"Under the Federal Rules, it is inconceivable that a party can rely expert witnesses in a dispositive motion without affording any opportunity to the other side to conduct discovery on that expert." *Stoba v. Saveology.com, LLC*, No. 13CV2925 BAS (NLS), 2016 WL 3356796, at *3 (S.D. Cal. June 3, 2016).   The parties' June 9, 2017 stipulation seeking an extension of the expert report disclosure deadline contemplated that this information is needed for class certification issues.  ECF 37 at 3.  *See also Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ(EMC), 2007 WL 2462129, at *1 (N.D. Cal. Aug. 28, 2007) (parties' stipulation implied that Rule 26(a)(2) expert disclosures would apply to class certification).

**5.**     **THE REPLY KOPEL DECLARATION SHOULD BE EXCLUDED**

The Reply Kopel Declaration misstates the difficulty of analyzing the call data produced in this case.  He claims "Anyone with a cursory knowledge of Microsoft Excel can visit the referenced cell numbers and see records of the calls Defendant made." Reply Kopel Declaration, ¶ 16. This shows the danger of having Plaintiffs' lawyer attest to information set forth in CSB's production, rather than an expert.  Brandon Amyot, Executive Director of Patient Services for CSB testified that "XND" was a code relating to technical reasons that the call did not go through.  Amyot Decl. ¶ 44 (ECF 54).  The Reply Kopel Declaration asserts that there are call records showing calls to these numbers, but there is no analysis of whether those same records show if a XND call was blocked on a certain date.  There is no way of knowing when an account was changed to XND status.

Plaintiffs cite to *Villanueva v. Liberty Acquisitions Servicing, LLC*, 319 F.R.D. 307, 314 (D. Or. 2017) for the proposition that Kopel's attorney review is proper.  The review of records in *Villanueva* specialized review of whether or not a certain code (XND) could be matched with a call that did not go through on a certain date.  Either Mr. Kopel is providing improper expert opinion that lacks foundation and was never disclosed, or lay opinion that should be excluded under Fed. R. Evid. 701 because it requires specialized knowledge.  Mr. Kopel's improper

1  analysis potentially subjects him to deposition.  His declaration is wholly improper.  *See, e.g.,*

2  *Rainbow Bus. Sols. v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2013 WL 6734086, at *14 (N.D.

3  Cal. Dec. 20, 2013) (noting "Leasing Defendants improperly use attorney declarations to

4  summarize deposition testimony and make factual and legal argument.").

5  **6.**   **CONCLUSION**

6         For the reasons outlined above, defendant California Service Bureau moves this Court for

7  an order striking the declaration of Ms. Verkhovskaya, and striking Paragraphs 12-16 of the

8  Reply Kopel Declaration, and barring any further use of that evidence in this action.

9

10                                        **CARLSON & MESSER LLP**

11 Dated:  November 17, 2017            s/ Charles R. Messer_____

12                                       Charles R. Messer
                                        David J. Kaminski
13                                       Stephen A. Watkins
                                        Attorneys for Defendant,
14                                       *CALIFORNIA SERVICE BUREAU, INC.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28