**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Yitzchak Kopel (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
          ykopel@bursor.com

*Attorneys for Plaintiff Hector Membreno*

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Boulevard, Suite 960
Los Angeles, California 90028
Telephone: (323) 940-1700
Facsimile: (323) 238-8095
E-Mail: tom@mblawapc.com
          nick@mblawapc.com

*Attorneys for Plaintiff Sandra West*

*[additional counsel for Plaintiffs listed on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WEST and HECTOR MEMBRENO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA SERVICE BUREAU, INC.<br><br>Defendant. | Case No. 4:16-cv-03124-YGR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**<br><br>Date: December 5, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

1

# TABLE OF CONTENTS

**PAGE(S)**

I.      INTRODUCTION ...........................................................................................1

II.     THE VERKHOVSKAYA DECLARATION SHOULD NOT BE
        STRICKEN....................................................................................................1

        A.      Plaintiffs Were Permitted To Submit A Declaration On Reply In
                Response To Defendant's Arguments ...........................................1

        B.      Ms. Verkhovskaya's Tabulations Did Not Require Expert
                Designation.....................................................................................2

        C.      Defendant Has Already Examined Plaintiffs' Expert Witness On The
                Methodology Used By Ms. Verkhovskaya .................................4

        D.      Defendant's Repeated Arguments About A Withdrawn Portion Of
                Mr. Hansen's Report Are Wrong And Irrelevant........................4

III.    THE KOPEL DECLARATION SHOULD NOT BE STRICKEN .....................5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

The Declaration of Anya Verkhovskaya ("Verkhovskaya Declaration") is a 5-page document in which Ms. Verkohvskaya describes her performance of tabulations based on data produced by Defendant.  Ms. Verkhovskaya's Declaration did not express any opinions or expound on any scientific or technical principles.  Rather, her assignment was limited to performance of the "Class Member Identification" methodology set forth in the expert report of Jeffrey Hansen, Plaintiffs' Rule 26 expert witness.  Mr. Hansen's July 19, 2017 expert report set forth the entire methodology used by Ms. Verkhovskaya and vouched for the reliability of that methodology. Then, on September 21, 2017, Defendant examined Mr. Hansen about this methodology at his deposition.  Expert designation was not required for Ms. Verkhovskaya's declaration because her tabulations are not expert testimony, but rather summary evidence under Fed. R. Evid. 1006.

As further detailed below, Defendant's Objections to Reply Evidence (LR 7-3(D)(1)) and Motion to Strike ("MTS") is completely meritless and should be denied.

## II.   THE VERKHOVSKAYA DECLARATION SHOULD NOT BE STRICKEN

Defendant argues that the Verkhovskaya Declaration should be stricken because (1) the declaration was submitted on reply rather than with Plaintiffs' moving papers and (2) her declaration "presents untimely expert testimony."  MTS at 3.  These arguments are both incorrect.

### A.   Plaintiffs Were Permitted To Submit A Declaration On Reply In Response To Defendant's Arguments

Defendant argues that "a court will not consider evidence submitted for the first time in reply without giving the opposing party an opportunity to respond."  MTS at 2.  But this argument misconstrues the entire purpose of LR 7-3(D)(1).  As this Court has noted, there is "no controlling authority that compels a court to disregard evidence by virtue of the fact that it was submitted with a reply.  Indeed, the Local Rule contemplates that evidence may be submitted in connection with a reply brief and provides the opposing party an opportunity to object."  *Rogers v. Claim Jumper Rest., LLC*, 2015 WL 1886708, at *14 (N.D. Cal. Apr. 24, 2015) (Gonzalez Rogers, J.).  Here, given that Defendant does not contend that Plaintiffs made any new arguments on reply, submission of the Verkhovskaya Declaration to refute arguments made in Defendant's opposition

---

brief was entirely proper.

**B.      Ms. Verkhovskaya's Tabulations Did Not Require Expert Designation**

Defendant also argues that Ms. Verkhovskaya's declaration should be stricken because it "presents untimely expert testimony" and because "Plaintiff's [sic] initial expert did not provide notice of the call data analysis that is in the untimely Verkhovskaya Declaration." MTS at 3-4. That is wrong. Ms. Verkhovskaya's declaration contained no expert testimony. Instead, she merely performed tabulations prescribed in the expert report of Jeffrey Hansen and reported the results.

On July 19, 2017, Plaintiffs' Rule 26 expert, Jeffrey Hansen, submitted a timely expert declaration with a section titled "Class Member Identification" which set forth and vouched for the methodology and steps required to identify class members in this case:

> [C]lass members can be identified by compiling a list of calls Defendant made to cell phone numbers (which were dialed at least twice). A reverse lookup service must then be used to identify the users for each of those numbers at the times of the calls. The users identified from the reverse lookup service will then be compared with the account holders listed in Defendant's records. Discrepancies between Defendant's records and the reverse lookup will indicate that a wrong number was called.

*See* Kopel Reply Decl. Ex. 17 (ECF NO. 56-1) ¶¶ 58-59. Ms. Verkhovskaya then performed each of these tasks and reported the results. *See* Verkhovskaya Decl. (ECN No. 56-2) ¶ 7 (compiling list of calls and excluding "records that did not receive at least two calls"); *id.* ¶ 11 (identifying numbers which "were cellular as of the historical timeframe"); *id.* ¶ 10 (uploading files to reverse lookup service to determine "customary users for the given timeframe"); *id.* ¶ 11 (comparing users identified from the reverse lookup service with account holders listed in Defendant's records). Her declaration contains zero opinions whatsoever and her tabulations were performed using data produced by Defendant in this case. Ms. Verkhovskaya was therefore not offered as an expert witness because expert testimony is not necessary to perform these types of tabulations.

In fact, this Court recently held that this sort of declaration did not constitute expert testimony:

1

2

3

4

5

6

7

8

> [P]laintiffs do not offer Ms. Hoover as an expert, nor is expert testimony required for the straightforward summary noted in her declaration. According to her declaration, Ms. Hoover took six Excel files that contained records of calls made by Nationwide, used a "data preparation, blending, and analytics program called Alteryx" to combine the records into a single database, removed obviously incorrect telephone number entries that contained fewer than ten digits, used Alteryx to separate cell from residential telephone numbers, and cross-checked to determine whether any numbers may have been reassigned from cell to residential, or vice versa. (Dkt. No. 87, Declaration of Rachel E. Hoover ("Hoover Decl.") at ¶¶ 2-8). The Court finds that expert testimony is not necessary to perform this type of tabulation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2017 WL 1806583, at *5 (N.D. Cal. May 5, 2017 (Gonzalez Rogers, J.). Here, the tabulations performed by Ms. Verkhovskaya are nearly identical to those performed by Ms. Hoover, with the sole exception of her use of a reverse lookup service to determine historical users of the numbers rather than cross-checking for number reassignment. *See* Verkhovaka Decl. (ECF No. 56-2) ¶¶ 7-12. Other courts have also held that expert testimony is unnecessary for performance of similar tabulations. *See Kristensen v. Credit Payment Svcs.*, 12 F. Supp. 1292, 1304 (D. Nev. 2014) ("[T]he Court may rely on Kristensen's counsel's Declaration, which includes a summary of the data obtained from T-Mobile") (citing Fed. R. Evid. 1006); *Villanueva v. Liberty Acquisitions Svc., LLC*, 2017 WL 1021523, at *4 (D. Or. Jan. 13, 2017) (relying on data analysis conducted by attorney and attorney's staff to establish numerosity where the analysis provided a "class estimate" and noting that "[d]istrict courts in the Ninth Circuit have relied on similar evidence as adequate").

Ms. Verkhovskaya's testimony is more appropriately categorized as summary evidence under Fed. R. Evid. 1006, which allows use of a "calculation to prove the content of voluminous writings … the cannot be conveniently examined in court." Expert disclosure is unnecessary for summary witnesses. *See Herrmann v. U.S.*, 129 Fed. Cl. 780, 788-89 (2017) ("Although Mr. Cohen has testified as an expert witness in past cases … the plaintiffs here are only offering his testimony as a summary witness under Rule 1006. . . . Thus, Mr. Cohen may testify as a summary witness without being admitted or considered as an expert."); *Richardson v. Cheshier & Fuller, L.L.P.*, 2008 WL 5122122, at *4 (E.D. Tex. Dec. 3, 2008) ("Appellees state that the Trustee failed

to designate Poulin as an expert witness or to comply with expert witness disclosure requirements. However … Poulin's testimony described the contents of a summary of voluminous business records and the methods she used to create the summary, the admissibility of which neither party disputes.  Such testimony is not considered expert testimony.").

Defendant cites cases disallowing testimony by experts who were not disclosed prior to the expert disclosure deadlines.  *See ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 957-58 (C.D. Cal. 2015); *Allen v. Similasan Corp.*, 306 F.R.D. 635, 641 (S.D. Cal. 2015); *In re Wells Fargo Resid. Mortg. Lending Discrimination Litig.*, 2011 WL 227661, at *3 (N.D. Cal. Jan. 24, 2011).  But these cases are inapposite because the testimony being proffered was indisputably expert testimony. That is not the case here.

**C.      Defendant Has Already Examined Plaintiffs' Expert Witness On
The Methodology Used By Ms. Verkhovskaya**

Following receipt of Mr. Hansen's report describing the class member identification process preliminarily performed by Ms. Verkhovskaya, Defendant took Mr. Hansen's deposition at which it examined him on the methodology he set forth.  Thus, Defendant had ample opportunity to review the methodology proposed and examine Plaintiffs' expert witness thereon.  Defendant's cries that it was somehow prejudiced by a lack of expert discovery therefore ring hollow.[1]

**D.      Defendant's Repeated Arguments About A Withdrawn Portion
Of Mr. Hansen's Report Are Wrong And Irrelevant**

Finally, Defendant states that "Plaintiffs withdrew their expert's numerical estimates of the class size right before filing their Motion for Class Certification.  Now, the Verkhovskaya Declaration seeks to establish class size."  MTS at 4.  That is wrong.  Mr. Hansen's report did initially include certain numerical tabulations of calls marked as "donotcall" in Defendant's call logs.  However, paragraphs 7-12 of Mr. Hansen's report made clear that these tabulations would not be used to identify class members.  He also reiterated this at his deposition.  *See* Kopel Reply Decl. (ECF No. 56-1) Ex. 17 (Hansen Dep. at 39:12-15) ("Q:  Now let's assume, hypothetically, that no number

---

[1] Of course, Plaintiffs would not object to Defendant taking Ms. Verkhovskaya's deposition either now or after she completes the Class Member identification process.

that was marked 'DNC' was ever called.  Would this change your wrong number methodology?
A:  No.").

In order to avoid burdening the Court and the parties with Daubert briefing on a portion of the Hansen Report that Plaintiffs were not relying on, they voluntarily withdrew this portion.  However, Defendant's continued suggestions that Plaintiffs were ever relying on the withdrawn portion for any purpose at Class Certification or that the withdrawal of this portion somehow necessitated the Verkhovskaya Declaration defies the text of Mr. Hansen's report and his testimony at his deposition.  This portion of the report has nothing to do with this Plaintiffs' motion and is no longer part of the record in this case.  It is completely irrelevant.

## III.      THE KOPEL DECLARATION SHOULD NOT BE STRICKEN

Defendant also argues that the Court should strike the Declaration of Yitzchak Kopel, Plaintiffs' attorney.  MTS at 5.  But as detailed below, this argument is baseless as well.[2]

Plaintiffs submitted portions of Mr. Kopel's declaration in response to demonstrably false contentions made in Defendant's Class Certification Opposition and the accompanying Declaration of Brandon Amyot that phone numbers bearing "DNC," "CDR," and "XND" notations in Defendant's records were never called.  *See* Aymot Decl. (ECF No 52-1) ¶ 33 ("[A]ny accounts with those notations were not called"); *see also* Opposition to Motion for Class Certification ("Opp.") (ECF No. 52) at 9 ("The total amount of Global Connect calls represented by … XND accounts … CDR accounts … [and] DNC accounts … is zero.").  In order to refute this contention, Mr. Kopel attached segments from Defendant's Global Connect call logs showing connected calls Defendant made to numbers with these notations.  *See* Kopel Reply Decl. ¶¶ 13-15.  Defendant argues that this somehow amounts to expert testimony.  MTS at 5.  That makes no sense.  Any lay person with Microsoft Excel can examine the referenced "Specific Cells" and find the records of these calls.  They are right there in the open, and no interpretation is necessary.

Moreover, Defendant does not challenge that the cited examples show connected calls to

---

[2] Defendant does not specify which portion of the Kopel Declaration it wants stricken.  However, Defendant's briefing only addresses Paragraphs 13 and 16.  It does not challenge any of the remaining paragraphs.

numbers listed with these notations.  Rather, Defendant's criticism is that "there is no analysis of whether those same records show if a XND call was blocked on a certain date.  There is no way of knowing when an account was changed to XND status."  MTS at 5.  But this argument does not justify striking the Kopel Declaration for several reasons.  First, Defendant's argument, at best, questions the weight of the evidence cited, not its veracity.  This argument should be made in the course of briefing on Plaintiff's motion and cannot form the basis for a motion to strike.  Second, Defendant's above-referenced submissions explicitly contended that calls were never placed to these numbers, without qualification as to time.  The examples cited therefore properly refute those contentions.  Third (and most importantly), it is irrelevant whether Defendant ceased making wrong-number calls to the numbers after marking them with these notations.  Inasmuch as Defendant placed at least two calls to the incorrect recipient, it is liable under the TCPA.  *See* Plaintiffs' Motion for Class Certification (ECF No. 51) § III.  The fact that a third or fourth call to the number may have been blocked cannot erase liability for the second call.  *See id.*

Dated:  November 27, 2017                    Respectfully submitted,

                                             **BURSOR & FISHER, P.A.**

                                             By:   */s/ Yitzchak Kopel*
                                                    Yitzchak Kopel

                                             Scott A. Bursor (State Bar No. 276006)
                                             Yitzchak Kopel (admitted *pro hac vice*)
                                             888 Seventh Avenue
                                             New York, NY  10019
                                             Telephone: (212) 989-9113
                                             Facsimile:  (212) 989-9163
                                             E-Mail: scott@bursor.com

                                             **BURSOR & FISHER, P.A.**
                                             L. Timothy Fisher (State Bar No. 191626)
                                             Yeremey Krivoshey (State Bar No.295032)
                                             1990 North California Blvd., Suite 940
                                             Walnut Creek, CA  94596
                                             Telephone: (925) 300-4455
                                             Email:  ltfisher@bursor.com
                                                      ykrivoshey@bursor.com

                                             *Attorneys for Plaintiff Hector Membreno*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Boulevard, Suite 960
Los Angeles, California 90028
Telephone:  (323) 940-1700
Facsimile: (323) 238-8095
E-Mail:  tom@mblawapc.com
        nick@mblawapc.com

*Attorneys for Plaintiff Sandra West*

---