Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone

Attorneys for Defendant
*CALIFORNIA SERVICE BUREAU, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WEST and HECTOR MEMBRENO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA SERVICE BUREAU, INC.,<br><br>Defendant. | Case no. 4:16-cv-03124-YGR<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date: December 5, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1<br>Judge: Hon. Yvonne Gonzalez Rogers |

## 1. Introduction

Plaintiffs' Opposition asserts that the Verkhovskaya Declaration is not an expert declaration but a mere summary. This Court in *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-CV-6314-YGR, 2017 WL 1806583, at *5 (N.D. Cal. May 5, 2017) treated a similar report by Ms. Verkhovskaya as an "expert" declaration. In both *Abante* and in this matter, Ms. Verkhovskaya's analysis goes beyond mere summarization and requires specialized knowledge.

Plaintiffs' Opposition fails to meet their burden to demonstrate either "substantial justification" or that the untimely expert declaration is "harmless." The Verkhovskaya Declaration should be excluded.

## 2. The Verkhovskaya Declaration is an Expert Declaration

The Verkhovskaya Declaration describes a three part analysis: (1) cell phone number tabulation; (2) reverse look up and call analysis; and (3) extrapolation. The untimely Verkhovskaya Declaration presents untimely expert testimony. She attests as to her **expertise** with use of reverse lookup and call data analysis. Verkhovskaya Decl. ¶¶ 3-5. She therefore asserts "specialized knowledge using specific facts or data". Fed.R. Evid. 702.

Plaintiffs cite this Court's Order in *Abante,* 2017 WL 1806583, at *5, for the proposition that phone number tabulation does not require "expert" knowledge. However, Ms. Verkhovskaya Declaration describes extensive call analysis and use of Lexis Nexis for reverse look up. Her declaration is an expert declaration. Ms. Verkhovskaya frequently provides expert reports in TCPA class actions. *See, e.g., Shamblin v. Obama for Am.,* No. 8:13-CV-2428-T-33TBM, 2015 WL 1909765, at *5 n.2 (M.D. Fla. Apr. 27, 2015) (holding that "[w]hile the Court declines to exclude the expert reports of Verkhovskaya and Biggerstaff [on *Daubert* grounds], the Court disagrees with any of their conclusions tending to suggest that classwide proof is available on these specific issues).

Morever, this Court in *Abante* characterized Ms. Verkhovskaya's declaration as an expert declaration. This Court in *Abante* addressed three different declarations in certifying a TCPA class:

- The declaration of Rachel Hoover, relating only to phone number tabulation;

- The declaration of Jeffrey Hansen, relating to "the methodology he would use to determine how many cell phone numbers Alliance or its agents called using an automatic telephone dialing system as it relates to the requirement of numerosity"; and

- The declaration of Ana Verkhovskaya relating to analysis of the defendant's records and the use of Lexis Nexis data to remove business numbers from her output list. 2017 WL 1806583, at *5.

Specifically, Ms. Verkhovskaya in *Abante* reached these conclusions by, in general terms: (1) combining certain purported phone records of Alliance Security, Inc. ("Alliance") and Nationwide Alarms, LLC ("Nationwide"); (2) removing non-unique numbers; (***3) using data from Lexis Nexis, removing numbers associated with businesses, rather than individuals***; (4) comparing those numbers to the National Do-Not-Call Registry ("NDNCR"); and (5) identifying numbers called twice within a twelve-month period when the numbers were on the NDNCR at the time of both calls. *See* Motion to Strike Verkhovskaya Declaration, *Abante*, Case No. 4:15-cv-06314-YGR Document 102 at 2:3-9.

Similarly, Ms. Verkhovskaya in this case was to identify records within the source files from CSB and then:

a) remove non-unique numbers, toll-free numbers;

b) Exclude any records that do not include name information for later comparison to identified historical users; and

c) Exclude any records that did not receive at least two calls with duration greater than zero and call status of "answered" or "machine."

d) *assemble this information into an input file to LexisNexis* to perform reverse look up. Verkhovskaya Declaration, ¶¶ 8-12. She then performed data extrapolation. Verkhovskaya Declaration, ¶ 13.

Ms. Verkhovskaya's efforts far exceed mere data compilation referenced by Plaintiffs. Ms. Hoover in *Abante* did not perform reverse lookup, call analysis, and extrapolation. The attorney declaration at issue in *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1308 (D. Nev. 2014) merely described data received from T-Mobile pursuant to subpoena. *See*

Response to Motion to Certify Class, *Kristensen*, Case No. 2:12-cv-00528-APG-PAL, Document 129 at 5:18-24. The work performed by the attorney staff in *Villanueva v. Liberty Acquisitions Servicing*, LLC, 319 F.R.D. 307, 315 (D. Or. 2017) merely constituted data compilation.

In contrast, Ms. Verkhovskaya employed Lexis Nexis and data comparison in her expert declaration in *Abante* and in this case. As her declaration is an expert declaration, it is Plaintiffs' burden to show how late disclosure was substantially justified and harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001). Their Opposition fails to do so.

### 3. **Plaintiffs' Opposition fails to demonstrate that late disclosure of their Expert's Declaration was substantially justified and harmless**

Plaintiffs' Opposition demonstrates their failure to legally justify why they untimely submitted the late Verkhovskaya Declaration. They have therefore waived any argument in this regard. *See, e.g., Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746406, at *7 (C.D. Cal. Mar. 6, 2015) (failure to address argument in opposition to motion waives argument). The inadequacy of Plaintiffs' first expert's estimates is not substantial justification for an untimely expert disclosure. Nor is the late disclosure harmless. "Under the Federal Rules, it is inconceivable that a party can rely on expert witnesses in a dispositive motion without affording any opportunity to the other side to conduct discovery on that expert." *Stoba v. Saveology.com, LLC*, No. 13CV2925 BAS (NLS), 2016 WL 3356796, at *3 (S.D. Cal. June 3, 2016).

Plaintiffs offer in a footnote the opportunity to take Ms. Verkhovskaya's deposition "either now or after she completes the Class Member identification process." "Courts, however, have rejected this argument because although a discovery continuance might cure untimely disclosures, it would also render Rule 37(c)(1) toothless." *Nw. Pipeline Corp. v. Ross, No. C05-1605RSL,* 2008 WL 1744617, at *9 (W.D. Wash. Apr. 11, 2008). However, any argument that a post-class certification deposition does not prejudice Defendant is incredulous further, a deposition at this time would also cause substantial prejudice in that the entire opposition would have to be re-briefed. As Defendant would have to rebut all arguments therein and consult its

own experts. *See Mazed v. JP Morgan Chase Bank, N.A.*, No. SACV 11-814-JLS ANX, 2014 WL 1364929, at *3 (C.D. Cal. Apr. 7, 2014) (striking untimely expert declaration where the defendant "had no opportunity to counterdesignate rebuttal experts, nor did they have a meaningful opportunity to depose Plaintiff's witnesses. Therefore, allowing Plaintiff to use the untimely reports would not be harmless.")

Moreover, the Ninth Circuit has held that disruption of the district court's schedule is not harmless. *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). The Court's June 13, 2017 Order (ECF 39) set a deadline of September 29, 2017 for expert discovery. Class certification has already been briefed and the hearing set for December 5th. CSB cannot depose Ms. Verkhovskaya and re-file Opposition to class certification without modifying the entire current scheduling order. *See Allen v. Similasan Corp.*, 306 F.R.D. 635, 641 (S.D. Cal. 2015) (excluding untimely supplemental reports filed in support of class certification in part due to short notice).

Plaintiffs claim that because Mr. Hansen was deposed and his report described the class member identification process preliminarily performed by Ms. Verkhovskaya, "Defendant had ample opportunity to review the methodology proposed and examine Plaintiffs' expert witness thereon." This argument lacks merit. In *Abante*, the Court struck the declaration of Mr. Hansen that described call analysis that "could be performed" 2017 WL 1806583, at *5. It did so because no analysis was performed of the relevant data. *Id.* Similarly, Hansen's testimony about methodology *he might* use but did not employ in this case is categorically irrelevant. It is not sufficient to cure the multiple levels of prejudice that would be sustained by CSB. *See Allen,* 306 F.R.D. at 641.

In *Allen*, the plaintiffs argued that an untimely expert report filed in support of an amended motion for class certification was harmless. They argued that the defendant "could not be surprised by [p]laintiffs' novel damages model because [d]efendant's initial expert report discussed Comcast's implications." The Court in *Allen* held this argument unconvincing in part because plaintiffs' "novel damage theory was not included in their rebuttal to Defendant's disclosures, and therefore Defendant could reasonably surmise that Plaintiffs chose not to

proceed on such a theory." *Id.* Thus, contrary to Plaintiffs' assertion (Opposition at 1:26-27), the Verkhovskaya Declaration presents "new" argument.

The Court in *Allen* held that when the plaintiffs informed the defendant less than two weeks before the class certification deadline that they would pursue a new damages model, it was "inexcusably short notice." *Id.* It held that "Defendant's surprise and Plaintiffs' inability to cure both favor a ruling of inadmissibility." Similarly, Plaintiffs in this matter have consistently presented a moving target with respect to their class definition and expert testimony in support. Plaintiffs' class definition as pleaded in their Consolidated Complaint related to "all persons" called via automatic telephone dialing system or an artificial or prerecorded voice "where such person had not previously consented to receiving such call. Consolidated Complaint, ¶ 30. Then, with class certification impending, Plaintiffs informally changed their class definition to those relating to "wrong number" calls. This shift in class definition alone constitutes prejudice to CSB. *See, e.g., Davis v. AT&T Corp.*, No. 15–2342, 2017 WL 1155350, at *4 (S.D. Cal. Mar. 28, 2017) (denying amendment of class definition in a TCPA action based on prejudice to the defendant).

Plaintiffs' expert Jeff Hansen presented numerical estimates of class members relating to this class that were then withdrawn due to inadequacy. Plaintiffs' Opposition asserts this withdrawal is not relevant. However, It shows that at the time of filing their class certification motion, Plaintiffs' did not have any expert analysis regarding numerosity with respect to their new class definition, much less any analysis relating to the use of reverse look up and call analysis. Just like the defendant in *Allen*, 306 F.R.D. at 641, Plaintiffs' failure here led CSB to "reasonably surmise" that Plaintiffs chose not to proceed on such a theory.

If Plaintiffs had timely presented Verkhovskaya's expert report as basis for numerosity, CSB would have been prepared to rebut such expert testimony. *See, e.g., Jacobs v. Quicken Loans, Inc.*, No. 15-81386-CIV, 2017 WL 4838567, at *3–4 (S.D. Fla. Oct. 19, 2017) (denying class certification and holding "[a]s explained by Defendant's expert, Jan Kostyun, there is no public database of cell phone subscribers, and private services are often inaccurate and

incomplete.") Given the prejudice to CSB, the untimely entire Verkhovskaya Declaration should be excluded.

**4. The Reply Kopel Declaration should be excluded**

The Court's November 20, 2017 Order only requested briefing regarding the Motion to Strike the Verkhovskaya Declaration. Plaintiffs' Opposition includes argument regarding the Reply Kopel Declaration (ECF 56-1), so CSB will briefly address this argument. Plaintiffs assert "it is irrelevant whether Defendant ceased making wrong-number calls to the numbers after marking them with these [CDR, XND, and DNC] notations. Inasmuch as Defendant placed at least two calls to the incorrect recipient, it is liable under the TCPA." These comments lack any foundation and constitute pure speculation and conjecture..

Brandon Amyot, Executive Director of Patient Services for CSB testified that "XND" was a code relating to technical reasons that the call did not go through. Amyot Decl. ¶ 44 (ECF 54). That has nothing to do with whether the person was the intended recipient or if CSB had consent to call. Paragraph 13 of the Reply Kopel Declaration lacks foundation for any assertion that persons associated with an XND code are class members and therefore lacks relevance.

**5. Conclusion**

Plaintiffs' Opposition fails to meet their burden to show substantial justification for their submission of the Verkhovskaya Declaration. Nor do they meet their burden to show that their submission of an expert declaration in a reply brief only weeks before a hearing on class certification is harmless. Paragraph 13 of the Reply Kopel Declaration is irrelevant and lacks foundation. CSB asserts this Court should strike the declaration of Ms. Verkhovskaya, and strike Paragraph 13 of the Reply Kopel Declaration, and barring any further use of that evidence in this action.

**CARLSON & MESSER LLP**

Dated: November 30, 2017     s/ Charles R. Messer_____
                             Charles R. Messer
                             David J. Kaminski
                             Stephen A. Watkins
                             Attorneys for Defendant,
                             *CALIFORNIA SERVICE BUREAU, INC.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November 2017, a true and accurate copy of the foregoing **REPLY IN SUPPORT OF MOTION TO STRIKE** was served via the U.S. District Court ECF system on the following e-mail(s):

ltfisher@bursor.com
ykrivoshey@bursor.com
tom@mblawapc.com
Nick@mblawapc.com

                                          s/ Charles R. Messer_____
                                          Charles R. Messer