Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone

Attorneys for Defendant
*CALIFORNIA SERVICE BUREAU, INC.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WEST and HECTOR MEMBRENO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA SERVICE BUREAU, INC.,<br><br>Defendant. | Case no. 4:16-cv-03124-YGR<br><br>**DEFENDANT'S EX PARTE APPLICATION TO STAY ACTION, OR, IN THE ALTERNATIVE TO CONTINUE, CLASS NOTICE DEADLINE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

On December 11, 2017, the Honorable Yvonne Gonzalez Rogers granted Plaintiffs' Motion for Class Certification in this matter. (ECF No. 68). The Court's December 15, 2017 Order ordered dissemination of notice to the class by January 19, 2018. (ECF No. 70.)

On December 28, 2017, CSB filed a Petition for Leave to Appeal the Class Certification Order with the Ninth Circuit, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. (ECF No. 72; see also Ex. A hereto.)

By way of this *ex parte* application, CSB asks the Court to either stay this matter until that potential appeal is resolved, or, in the alternative, to at least continue the deadline for the mailing of the Rule 23 Class Notice (January 19, 2018) for at least 45 days to allow time for the Ninth Circuit to rule on CSB's petition.

Both the stay and the continuance will avoid potential confusion to class members and will save resources and expenses.

## II. *EX PARTE* APPLICATION

Under Local Rule 7–10, "[u]nless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances." L.R. 7-10. Where a Federal Rule authorizes a stay, this has been held sufficient grounds for an ex parte application. *See, e.g., United States v. Moyer*, No. C 07-00510 SBA, 2008 WL 3478063, at *5 (N.D. Cal. Aug. 12, 2008) (Rule 60 motion and Rule 62(b) authorizing stay justified 7-10 ex parte application).

CSB files this motion pursuant to Fed. R. Civ. P. 23(f), which does not stay proceedings in the District Court unless the District Judge or the Court of Appeals so orders. *See* Fed. R. Civ. P. 23(f). Both Rule 23(f) and 28 U.S.C. § 1292(b) allow district courts discretion to stay proceedings pending the outcome of such appeals, and it is common practice in Ninth Circuit courts and elsewhere for district courts to do so. *See, e.g, Rambus Inc. v. Nvidia Corp.*, No. C 08-3343 SI, 2009 WL 636536, at *2 (N.D. Cal. Mar. 11, 2009) (court issued stay of all proceedings in these consolidated cases until Federal Circuit's resolution of the appeals).

1    Therefore, this ex parte motion is proper under L.R. 7-10. Time is of the essence with
2    respect to CSB's requested relief, since the Court has held that notice to the Rule 23 class just
3    certified be mailed out by January 19, 2018.

## III. APPLICABLE LAW

"In deciding whether to grant a stay under Rule 23(f), courts balance the following four factors: (1) whether the moving party is likely to succeed on the merits of the appeal; (2) injury to the moving party if a stay is not granted; (3) injury to the opposing party if the stay is granted; and (4) the public's interest. *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, *1 (N.D. Cal., 2011). These factors should be examined on a 'flexible continuum' or 'sliding scale approach.' *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, *2 (N.D. Cal., 2012) (citing *Leiva-Perez*, 640 F.3d 962, 964-966 (9th Cir. 2011))." (*Aguayo v. U.S. Bank*, No. 08-CV-2139 W (BLM), 2015 WL 13344756, at *1 (S.D. Cal. June 26, 2015).) Under this approach, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." (*Leiva-Perez*, 640 F.3d at 964.)

## IV. ARGUMENT

### 1. The First Prong Is Satisfied by the "Serious Legal Questions" Raised by CSB's Rule 23(f) Petition

"The first prong of the stay analysis requires the court to determine whether Defendant has demonstrated a likelihood of success on the merits . . . On a motion to stay pending the resolution of a Rule 23(f) petition, the movant need not demonstrate that it is more likely than not that it will win on the merits . . . Instead 'serious legal questions' raised in the petition can satisfy this first prong." (*Brown*, 2012 WL 5818300, at *2.)

A copy of CSB's Rule 23(f) Petition is attached hereto as Exhibit A. As more fully set forth in the Petition, incorporated herein by reference, CSB seeks an appeal of the Class Certification Order on two grounds:

• The District Court relied upon Ms. Verkhovskaya's untimely expert report in holding Plaintiffs' class satisfied predominance and numerosity under Federal Rule 23. CSB did not argue that just because Ms. Verkhovskaya was considered an expert in in prior cases,

including *Abante Rooter & Plumbing, Inc., v. Alarm.com,* No. 15-cv-6314-YGR, 2017 WL 1806583, at *5 (N.D. Cal. 20017), that she must be considered an expert in this case. CSB argued that Ms. Verkhovskaya's reports in both *Abante* and this case were so similar that for the Court to consider her report in *Abante* an expert report and her report in this matter a non-expert report was erroneous. As Ms. Verkhovskaya's expert report was wholly improper, it should have been excluded. If the Verkhovskaya report was properly excluded under the law, there would be insufficient basis for the District Court's certification order that held Respondents established predominance and certification... This raises a "serious legal question."

- Moreover, the Court held that Plaintiffs' class did not present sufficient individualized inquiries regarding prior express consent so as to lack predominance. Plaintiff West's own case demonstrates the fallacy in relying on reverse look up as her son provided her cell phone number to Defendant California Service Bureau's creditor client. Even if reverse lookup revealed Ms. West as the user, it would not reveal Ms. West as the mother of the debtor in CSB's records. These family and spousal relationships whereby consent may have been provided cannot be demonstrated with reverse lookup alone. *See, e.g., Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350 at *8-9 (S.D. Cal. Mar. 28, 2017) (if "[d]efendant's customer provided a number belonging to another person, such as a spouse or other family member, an inquiry into that customer's authority to provide consent to call that number would be required.").

The foregoing "serious legal questions" support a finding that the first factor in the stay analysis weighs in favor of a stay.

### 2. **CSB Will be Injured if a Stay is Not Granted**

CSB will suffer irreparable harm if a stay is denied, because if the Ninth Circuit reverses the Class Certification Order, CSB will have unnecessarily incurred significant expenses preparing to try the case as a class action. Additional significant expenses will have to be spent on notifying class members, who ultimately may not be part of the case. Such increased costs constitute irreparable harm. (*Aguayo*, 2015 WL 13344756, at *1; see also *Del Rio v. Creditanswers, LLC*, No. 10CV346-WQH BLM, 2010 WL 3418430, at *4 (S.D. Cal. Aug. 26,

2010) ("The difference in litigation expenses between a two-party case and a class action is substantial.").)

Furthermore, in the *Brown* decision cited above, the Court held that "[t]he certified class in this case is estimated to encompass over 22,000 individuals. The sheer size of the class makes it likely that Defendant will incur significant discovery and other litigation expenses while its appeal to the Ninth Circuit is pending." (*Brown*, 2012 WL 5818300, at *4.) Similarly, here, the District Court estimated that the certified class could encompass at least 63,500 individuals. (ECF No. 68 at 11:5). Plaintiffs' current estimate is 85,976 persons. Accordingly, the sheer size of the certified class supports a finding that the second prong of the stay analysis is satisfied. Furthermore, considering the staggering amount of damages at issue ($85.9 million assuming each class remember recovers $1,000 for two calls), CSB might also be forced to settle as the litigation risks are simply too great, if a stay is not granted.

### 3. Plaintiffs Will Not be Injured if a Stay is Granted

Plaintiffs will suffer no significant prejudice if a stay is issued. Indeed, waiting to move forward in this action until after the Ninth Circuit has given finality to the issue of class certification will only benefit plaintiff in much the same way it will benefit Plaintiffs, because it will enable Plaintiffs to avoid expending resources on class notice issues that may ultimately be avoidable. Moreover, any prejudice caused by delay in the litigation resulting from a stay or continuance of the notice deadlines will be *de minimis* when considered in light of the potential effect of the resolution of the petition. *See, e.g., In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) (noting that a short delay in discovery "when juxtaposed to the potential magnitude of a decision by the Court of Appeals on the issues before it, is simply de minimis").

Moreover, Plaintiffs West and Membreno are no longer being called by CSB. Accordingly, there is no ongoing harm to Plaintiffs. And, the certified class period is June 8, 2012 to January 19, 2018 (date of notice). (ECF 68 at 1:18-22.) As such, this action is aimed at collecting damages for *past* harms, and thus a stay will not cause prejudice to Plaintiffs or the class members. In addition, if Plaintiffs and the class members ultimately prevail, the TCPA

provides for more than adequate damages ($500 or $1,500 per call). Thus, there is no harm to Plaintiff that is irreparable. (*Aguayo*, 2015 WL 13344756, at *1.)

### 4. **The Public Interest Favors a Stay**

The public interest favors a stay because it would avoid confusion among class members if the Class Certification Order is reversed or modified. The current deadline for the parties to file the proposed class notice and plan of dissemination is January 19, 2018. (ECF No. 70.) Furthermore, if the class notice is sent, and the Ninth Circuit subsequently reverses the Class Certification Order, the costs and fees spent on notifying thousands of class members will have been unnecessary. As held by the Court in *Brown*:

> "Though the putative class members do not stand to be substantially injured by a stay, they do face a likelihood of harm should a stay not issue. First, the parties risk generating confusion among class members. Plaintiff seeks to disseminate class notice in the near future. Should the Ninth Circuit take Defendant's appeal, there is a likelihood that the court will have to modify or decertify the class after class notice has issued. Such a result would require the issuance of a second curative notice to the class, perhaps many months or more after the initial class notice was disseminated. Considering the class in this case is estimated to exceed 22,000 individuals, a curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether. Second, class members' privacy interests are implicated. Plaintiff has already requested that Defendant produce contact information and social security numbers for all putative class members. Pl. Mot. to Facilitate Class Notice at 7, Dkt. 115. Disclosing this sensitive personal information before resolution of Defendant's Rule 23(f) petition and possible appeal unnecessarily risks the intrusion of individuals' privacy who may not ultimately belong to the class, if any class remains."

(*Brown*, 2012 WL 5818300, at *4.)

The same rationale applies in the instant case. The approximate class size is comparable to that in *Brown*. And as in *Brown*, Plaintiffs seek to disseminate class notice in the very near future, Further, if the Ninth Circuit allows CSB to appeal, a second curative class notice might have to be sent, causing substantial confusion. These circumstances favor a stay pursuant to the *Brown* decision.

1       In addition, the public also has an interest in the efficient use of judicial resources. (*Aguayo*, 2015 WL 13344756, at *2.) This interest will be promoted by a stay, and undermined if a stay is denied and the class definition must be changed, or if the class is decertified, or if multiple class notices must be sent.

## V.    <u>CONCLUSION</u>

Based on the foregoing, CSB respectfully requests a limited stay under Federal Rule of Civil Procedure 23(f) until the Ninth Circuit's resolves CSB's Petition for interlocutory appeal of this Court's Class Certification Order, or in the alternative, that this Court continue the deadline for the mailing of the Rule 23 Class Notice at least 45 days to allow time for the Ninth Circuit to rule on CSB's petition.

CARLSON & MESSER LLP

Dated: January 18, 2018        s/David J. Kaminski
Charles R. Messer
David J. Kaminski
Stephen A. Watkins
Attorneys for Defendant
CALIFORNIA SERVICE BUREAU, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January 2018, a true and accurate copy of the foregoing **DEFENDANT'S EX PARTE APPLICATION TO STAY ACTION, OR, IN THE ALTERNATIVE TO CONTINUE, CLASS NOTICE DEADLINE** was served via the U.S. District Court ECF system on the following e-mail(s):

 ltfisher@bursor.com
 ykrivoshey@bursor.com
 tom@mblawapc.com
 Nick@mblawapc.com

          s/ David J. Kaminski
          David J. Kaminski