UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WEST and HECTOR MEMBRANDO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA SERVICE BUREAU, INC.,<br><br>Defendant. | Case No.16-cv-03124-YGR<br><br>**ORDER DENYING EX PARTE APPLICATION TO STAY ACTION, OR, IN THE ALTERNATIVE TO CONTINUE CLASS NOTICE DEADLINE**<br><br>Re: Dkt. No. 74 |

On December 11, 2017, this Court granted plaintiffs' motion for class certification. (Dkt. No. 68.) Defendant California Service Bureau, Inc. ("CSB") petitioned the Ninth Circuit for leave to appeal under Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5 on December 28, 2017. (Dkt. No. 74-1.) Now before the Court is defendant's *ex parte* application to stay the action or, in the alternative, to continue the class notice deadline. (Dkt. No. 74, *Ex Parte* Application.) Having carefully considered the application and the record in the above-captioned matter, and for the reasons set forth below, the Court **DENIES** defendant's application.

Fed. R. Civ. P. 23(f) allows a district court to stay proceedings pending the outcome of "an appeal from an order granting or denying class-action certification." *Id*.; *see also Rambus Inc. v. Nvidia Corp*., 2009 WL 636536, at *2 (N.D. Cal. 2009). In evaluating whether to issue a stay, courts look to four factors, namely "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

With regard to the first factor, the Court finds that defendant is not "likely to succeed on the

merits" of its appeal because the appeal was untimely. Defendant concedes that its petition was filed "two days after the 14 day deadline required by Fed. R. Civ. P. 23(f)." (Ex Parte Application, Ex. A at 1.) In any event, Rule 23(f) petitions are seldom granted. *See Chamberlan v. Ford Motor Co.,* 402 F.3d 952, 959 (9th Cir. 2005) (noting that "class certification decisions 'present familiar and almost routine issues'" and stating petitions for "Rule 23(f) review should be granted sparingly" in "rare cases"). Turning to the second factor, defendant fails to show that it "will be irreparably injured absent a stay." The mere fact that CSB will be required to incur "expenses preparing to try the case as a class action" is not sufficient. The third factor also weighs against granting a stay because CSB filed its motion just nine days before the dissemination of notice was scheduled to commence. Plaintiffs' counsel represents that it has already spent time and resources working with administrator Kurtzman Carson Consultants ("KCC") to begin the disseminating notice to the class. With regard to the fourth factor, namely the public interest, defendant argues that a stay "would avoid confusion among class members if the Class Certification Order is reversed or modified." (Ex Parte Application at 6.) The Court disagrees. Any potential confusion among class members could be cured through dissemination of subsequent notice, if necessary.

For the reasons discussed above, the Court **DENIES** defendant's application.

This terminates Dkt. No. 74.

**IT IS SO ORDERED.**

Dated: January 16, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge