1

2

3

4

5

6

7

8

9

10

11

12

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:     ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Yitzchak Kopel (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:        scott@bursor.com
               ykopel@bursor.com

*Class Counsel*
[Additional counsel on signature page]

13

14

15

16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| SANDRA WEST and HECTOR MEMBRENO, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>     vs.<br><br>CALIFORNIA SERVICE BUREAU, INC.<br><br>                        Defendant. | Case No. 4:16-cv-03124-YGR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES**<br><br>Date:  January 22, 2018<br>Time: 2:00 p.m.<br>Courtroom 1<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 22, 2019 at 2:00 p.m., in the courtroom of the Honorable Judge Yvonne Gonzalez Rogers, United States District Court Judge for the Northern District of California, Courtroom 1, 4th Floor located at 1301 Clay Street, Oakland, California, Plaintiffs Sandra West and Hector Membreno, by and through their undersigned counsel of record, will move and hereby do move, for an order awarding attorneys' fees, reimbursement of litigation costs and expenses, and payment of incentive fees to Class Representatives.

This motion is made on the grounds that an award of attorneys' fees, reimbursement of litigation costs and expenses, and payment of incentive fees is proper, given that the parties have agreed that Class Counsel may make such applications in their Class Action Settlement Agreement, the work of Class Counsel has conferred substantial benefits to the Class, and that such awards are permitted under the laws of this Circuit.

This motion is based on: (1) this Notice of Motion and Motion, (2) the Memorandum of Points and Authorities in support thereof, (3) the Declaration of L. Timothy Fisher in Support of Plaintiffs' Motions for Final Approval of Class Action Settlement and Motion for an Award of Attorneys' Fees, Costs and Expenses, and Service Awards filed herewith, (4) the Declaration of H. Jake Hack, filed herewith, (5) the Declaration of Nicolas J. Bontrager, filed herewith, (6) the Declaration of G. Thomas Martin III filed herewith, (7) the papers and pleadings on file, and (8) the arguments of counsel at the hearing on the Motion.

## CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should award attorneys' fees, reimbursement of litigation costs and expenses, and payment of incentive fees to the Class Representatives.

Dated:  November 20, 2018

**BURSOR & FISHER, P.A**.

By: ___*/s/ L. Timothy Fisher*___
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Yitzchak Kopel (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
               ykopel@bursor.com

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Boulevard, Suite 960
Los Angeles, California 90028
Telephone:  (323) 940-1700
Facsimile: (323) 238-8095
E-Mail:  tom@mblawapc.com
               nick@mblawapc.com

*Class Counsel*

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND
INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

ii

# TABLE OF CONTENTS

PAGE(S)

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND AND PROCEDURAL HISTORY .........................................3

III.    SUMMARY OF THE PROPOSED SETTLEMENT ........................................3

        A.      Payment To Settlement Class Members .................................................3

        B.      Payment of Attorneys' Fees, Costs, and Incentive Awards ...................4

IV.     CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND REASONABLE .................................................................................4

        A.      The Percentage Of The Benefit Method ..................................................4

                1.      The Total Value Of The Settlement Fund Is $4.1 Million ..........5

                2.      Class Counsel Achieved Extraordinary Results For The Class .......5

                        a.      Class Counsel Achieved Extraordinary Results For The Class .......................................................6

                        b.      Plaintiffs' Claims Carried Substantial Litigation Risk ...............7

                        c.      Class Counsel Skillfully Prosecuted This Action ............................7

                        d.      Market Rates As Reflected By Awards In Similar Cases ....................................................................8

                        e.      The Contingent Nature Of The Fee And Financial Burden Borne By Class Counsel ..........................9

        B.      The Requested Attorneys' Fees Are Reasonable Under A Lodestar Cross Check ...............................................................................................10

        C.      The Court May Alternatively Grant The Requested Attorneys' Fees Under The Lodestar Method .........................................................11

                1.      Class Counsel Spent A Reasonable Number Of Hours On This Litigation At A Reasonable Hourly Rate ............................11

                2.      All Relevant Factors Support Applying A Multiplier To Class Counsel's Lodestar .......................................................13

                        a.      Complexity Of This Litigation .........................................14

                        b.      Class Counsel Provided Exceptional Representation Prosecuting This Complex Case ........................................14

                        c.      Class Counsel Obtained Excellent Class Benefits ..............14

                        d.      Class Counsel Faced A Substantial Risk Of Nonpayment .................................................................15

V.      CLASS COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY  INCURRED TO ACHIEVE THE BENEFIT OBTAINED ON BEHALF OF THE  CLASS ..................................................................15

VI.     THE REQUESTED SERVICE AWARDS FOR CLASS REPRESENTATIVES ARE  REASONABLE AND STANDARD .....................16

VII.    CONCLUSION ...................................................................................................17

1

# TABLE OF AUTHORITIES

**PAGE(S)**

2

## CASES

3

*Blum v. Stenson*,
  465 U.S. 886, 898-900 (1984) ...................................................................... 14

4

*Bond v. Ferguson Enterprises, Inc.*,
  2011 WL 2648879 (E.D. Cal. June 30, 2011) ............................................... 17

5

6

*Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*,
  778 F.2d 890 (1st Cir. 1985) ......................................................................... 13

7

8

*Caudle v. Bristow Optical Co.*,
  224 F.3d 1014 (9th Cir. 2000) ....................................................................... 10

9

*Charvat v. Travel Servs.*,
  2015 WL 76901 (N.D. Ill. Jan. 5, 2015) ......................................................... 6

10

*Cohorst v. BRE Props., Inc.*,
  2011 WL 7061923 (S.D. Cal. Nov. 14, 2011) .................................................. 8

11

12

*Cosgrove v. Sullivan*,
  759 F. Supp. 166 (S.D.N.Y. 1991) ................................................................. 13

13

14

*Couser v. Comenity Bank*,
  125 F. Supp. 3d 1034 (S.D. Cal. 2015) ........................................................... 6

15

*Craft v. County of San Bernardino*,
  624 F. Supp. 2d 1113 (C.D. Cal. 2008) ......................................................... 10

16

17

*Dakota Med., Inc. v. RehabCare Grp., Inc.*,
  2017 WL 4180497 (E.D. Cal. Sept. 21, 2017) ................................................. 9

18

*Fischel v. Equitable Life Assur. Soc'y of U.S.*,
  307 F.3d 997 (9th Cir. 2002) ........................................................................... 4

19

20

*Gehrich v. Chase Bank USA, N.A.*,
  316 F.R.D. 215 (N.D. Ill. 2016) ....................................................................... 6

21

22

*Gene And Gene LLC v. BioPay LLC*,
  541 F.3d 318 (5th Cir. 2008) (reversing ......................................................... 7

23

*Glass v. UBS Fin. Servs., Inc.*,
  2007 WL 221862 (N.D. Cal. Jan. 26, 2007)................................................... 17

24

*Hageman v. AT & T Mobility LLC*,
  2015 WL 9855925 (D. Mont. Feb. 11, 2015).................................................. 9

25

26

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................... 4, 5, 11

27

*Harris v. Marhoefer*,
  24 F.3d 16 (9th Cir. 1994) ............................................................................. 15

28

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND
INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

iv

*Harris v. Vector Mktg. Corp.*,
    2012 WL 381202 (N.D. Cal. Feb. 6, 2012) .................................................................. 17

*Hartless v. Clorox Co.*,
    273 F.R.D. 630 (S.D. Cal. 2011) .............................................................................. 5

*Hashw v. Dep't Stores Nat'l Bank*,
    182 F. Supp. 3d 935 (D. Minn. 2016) ..................................................................... 6

*Hensley v. Eckerhart*,
    461 U.S. 424, 434 n.9 (1983) ........................................................................... 6, 13

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ....................................................................... 8

*In re Amgen Sec. Litig.*,
    2016 U.S. Dist. LEXIS 148577 (C.D. Cal. Oct. 25, 2016) ...................................... 12

*In re Beverly Hills Fire Litig.*,
    639 F. Supp. 915 (E.D. Ky. 1986) ........................................................................ 13

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d (9th Cir., 2011) ................................................................................ 6, 11

*In re Capital One Tel. Consumer Prot. Act Litig.*,
    80 F. Supp. 3d 781 (N.D. Ill. 2015) ....................................................................... 6

*In re Cenco Inc. Sec. Litig.*,
    519 F. Supp. 322 (N.D. Ill. 1981) ........................................................................ 13

*In re Consumer Privacy Cases*,
    175 Cal. App. 4th 545 (2009) ................................................................................ 5

*In re Heritage Bond Litig.*,
    2005 WL 1594389 (C.D. Cal. June 10, 2005) .......................................................... 8

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................................. 8

*In re Pac. Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ............................................................................. 4, 8

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .............................................................................. 15

*Ingalls v. Hallmark*
    2009 U.S. Dist. LEXIS 131081 (C.D. Cal. Oct. 16, 2009) ........................................ 9

*James v. JPMorgan Chase Bank, N.A.*,
    2017 WL 2472499 (M.D. Fla. June 5, 2017) ............................................................ 9

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ......................................................................... 11, 14

*Kolinek v. Walgreen Co.*,
   311 F.R.D. 483 (N.D. Ill. 2015) ................................................................. 6

*Lealao v. Beneficial California, Inc*,
   82 Cal. App. 4th 19 (2000) ....................................................................... 5

*Lofton v. Verizon Wireless (VAW) LLC*,
   2016 WL 7985253 (N.D. Cal. May 27, 2016) ............................................. 9

*Martin v. AmeriPride Servs., Inc.*,
   2011 U.S. Dist. LEXIS 61796 (S.D. Cal. June 9, 2011) ............................. 8

*Meyer v. Portfolio Recovery Associates*,
   707 F.3d 1036 (9th Cir. 2012) .................................................................. 7

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir. 1996) ..................................................................... 13

*Morris v. Lifescan, Inc.*,
   54 F. App'x 663 (9th Cir. 2003) ............................................................ 5, 8

*Muchnick v. First Fed. Savs. & Loan Assoc. of Phil.*,
   1986 U.S. Dist. LEXIS 19798 (E.D. Pa. Sept. 30, 1986) .......................... 13

*Municipal Auth. of Bloomsburg v. Pennsylvania*,
   527 F. Supp. 982 (M.D. Pa. 1981) ........................................................... 13

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   2015 U.S. Dist. LEXIS 168586 (C.D. Cal. Mar. 17, 2015) ........................ 13

*Paul, Johnson, Alston & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ..................................................................... 5

*Rabin v. Concord Assets Grp., Inc.*,
   1991 U.S. Dist. LEXIS 18273 (S.D.N.Y. Dec. 19, 1991) .......................... 13

*Roberts v. Texaco, Inc.*,
   979 F. Supp. 185 (S.D.N.Y. 1997) ........................................................... 13

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ................................................................... 16

*Rose v. Bank of Am. Corp.*,
   2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ............................................ 6

*Singer v. Becton Dickinson & Co.*,
   2010 U.S. Dist. LEXIS 53416 (S.D. Cal. June 1, 2010) ............................. 8

*State of Florida v. Dunne*,
   915 F.2d 542 (9th Cir. 1990) ..................................................................... 4

*Staton v. Boeing*,
   327 F.3d 938 (9th Cir. 2003) ................................................................ 5, 15

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND
INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

vi

*Steiner v. Am. Broad. Co., Inc.*,
  248 Fed. Appx. 780 (9th Cir. 2007) ....................................................................... 10

*Trujillo v. City of Ontario*,
  2009 WL 2632723 (C.D. Cal. Aug. 24, 2009) ........................................................ 17

*Van Vranken v. Atl. Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) .................................................................... 16, 17

*Vandervort v. Balboa Capital Corp.*,
  8 F. Supp. 3d 1200 (C.D. Cal. 2014) ....................................................................... 9

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (E.D. Cal. 2010) ............................................................................. 8

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) .......................................................................... passim

*Williams v. MGM-Pathe Communications Co.*,
  129 F.3d 1026 (9th Cir. 1997) ................................................................................. 8

*Wright v. Nationstar Mortgage LLC*,
  2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ........................................................ 6, 9

**OTHER AUTHORITIES**

Alba Conte & Herbert B. Newberg,
  Newberg on Class Actions § 14:03 (3d ed. 1992) ................................................. 13

Manual for Complex Litigation § 21.71 (4th ed. 2008) ................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Sandra West and Hector Membreno ("Plaintiffs" or "Class Representatives"), through their counsel Bursor & Fisher, P.A. ("Bursor & Fisher") and Martin & Bontrager APC ("Martin & Bontrager"), respectfully submit this memorandum in support of Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses, and Incentive Awards for the Class Representatives.[1]

## I.    INTRODUCTION

The Settlement Agreement provides for a $4.1 million Settlement Fund to pay all valid and timely claims, attorneys' fees and costs, incentive awards to the Class Representatives, and costs of notice and administration.  *See gen.* 09/12/2018 Order Granting Preliminary Approval. ECF No. 119; Kopel Decl., Ex. 1 ("Settlement Agreement"), ¶ 4.1.

As set forth in more detail in the Motion for Final Approval of Class Action Settlement (which is incorporated herein by reference), pursuant to the Settlement Agreement each Class Member who timely submits a valid Claim Form by the Claims Deadline shall be entitled to a single payment from Defendant in an amount equivalent to his or her *pro rata* share of the Settlement Fund after any approved Fee Award, any approved service awards, and Settlement Administration Costs are deducted.  *Id.* ¶ 4.4.4.  The Settlement Class is defined to include:

> all persons within the United States who, within the four years prior to the filing of the complaint in this action, through the date of class notice (the "Class period"), Defendant or its agent/s or employee/s caused to be made at least 2 telephone calls using its Global Connect dialer to said person's cellular telephone, where such person was not listed in Defendant's records as the intended recipient of the calls.

*Id.* ¶ 1.36.

This is an excellent recovery for Class Members.  To date, the response to the Settlement has been positive–as of November 19, 2018, 753 Class Members have submitted claims and no Class Members have objected.  *See* Declaration of H. Jake Hack ("Hack Decl.") ¶¶ 8-9.  Moreover,

---

[1] The Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and its exhibits are attached as Exhibit 1 to the 08/03/2018 Declaration of Yitzchak Kopel ("Kopel Decl.") (ECF No. 116-1), filed with the Motion for Preliminary Approval (ECF No. 116).  All capitalized terms herein that are not otherwise defined have the definitions set forth in the Settlement Agreement.

on November 19, 2018, a "reminder" postcard was also sent to class members who had previously received emails, but not U.S. Mail. *Id.* ¶ 7. Therefore, Class Counsel anticipates that significantly more claims will be filed prior to the deadline on December 11, 2018. Based on a projected filing of 1,000 claims prior to expiration of the claims deadline, and assuming that the fees and cost reimbursement requested herein are granted in full, class members who have submitted claims are each slated to estimated receive payment amounts of approximately $2,401.47 each.[2] Declaration of L. Timothy Fisher in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for an Award of Attorneys' Fees, Costs and Expenses, and Service Awards ("Fisher Decl."), ¶¶ 24. This amount exceeds by an order of magnitude the recovery for class members in the vast majority of TCPA class actions. *See infra* Section IV.A.2.a.

In light of these considerations, Class Counsel requests that the Court approve an award of attorneys' fees of 33.3% of the $4.1 million Settlement Fund, or $1,365,300. This method of calculating the fee award, based on a percentage of the Settlement Fund, is straightforward, fair under the circumstances, and supported by the laws of this Circuit. The 33.3% fee is also fair in light of the significant time Class Counsel has devoted to this action on a contingency fee basis with the threat of no recovery at all absent a successful resolution. *See infra* Sections IV.A.1-IV.A.3. Cross-checking this percentage fee against the Class Counsel's lodestar validates its reasonableness.

As of November 20, 2018, Class Counsel have worked 1,794.9 hours on this case for a total lodestar fee, at current billing rates, of $924,783. Fisher Decl. ¶ 40; *id.* Ex. B (Bursor & Fisher's detailed billing diaries for this case); Declaration of G. Thomas Martin, III in Support of Motion for Attorneys' Fees and Costs ("Martin Decl.") ¶¶ 21-22; *id.* Ex. A (Martin & Bontrager's detailed billing diaries for this case). This represents a blended hourly rate of $515.23, which is well within the bounds of reasonable hourly rates in this District. Fisher Decl. ¶ 50. A fee award of 33.3%, or $1,365,300, would represent a multiplier of 1.48 over the base lodestar fee, *id.* ¶ 41, which is fair and reasonable and well within the accepted range of multipliers approved by courts in the Ninth

---

[2] This number assumes that a total of 1,000 claims will be filed at the deadline. Should that number rise to 1,500 claims, the payout per class member would be $1,600.98. Fisher Decl. ¶ 24.

1    Circuit.  *See* Parts IV.C.2.a-IV.C.2.d, below (discussing the factors supporting the application of a

2    multiplier to Class Counsel's lodestar).

3         Class Counsel also seeks reimbursement of $214,457.10 in out-of-pocket expenses.  *See*

4    Fisher Decl. ¶¶ 43-44; *see also id.*, Ex. 3 (an itemized listing of each out-of-pocket expense

5    incurred by Bursor & Fisher in connection with this case); Martin Decl. ¶¶ 23-32 (describing out-

6    of-pocket expense incurred by Martin & Bontrager in connection with this case); *Id.* Ex. B (cost

7    summary for Martin & Bontrager).  These expenses were necessary to the prosecution of this case,

8    were carefully and reasonably expended, and should be reimbursed.  *Id.*

9         Finally, Plaintiffs West and Membreno request that the Court award them service awards in

10   the amount of $7,500 each to account for the significant time and effort they invested in this case

11   on behalf of the Class.

12   **II.      BACKGROUND AND PROCEDURAL HISTORY**

13        The Motion for Final Approval of Class Action Settlement (which is incorporated herein by

14   reference), as well as the Declaration of L. Timothy Fisher, submitted herewith, contain a detailed

15   discussion of the background and procedural history of this vigorously contested action, including

16   (i) Plaintiffs' pre-suit investigation, (ii) the pleadings and initial motions, (iii) discovery, (iv)

17   Plaintiff's motion for class certification, (v) Defendant's challenges to class certification, (vi) the

18   Parties' arms'-length settlement negotiations, and (vii) preliminary approval and dissemination of

19   notice.

20   **III.     SUMMARY OF THE PROPOSED SETTLEMENT**

21        **A.      Payment To Settlement Class Members**

22        Through November 20, 2018, Class Members have submitted 753 claims.  Hack Decl. ¶ 8.

23   However, particularly in light of the fact that a "reminder" postcard has been sent out via U.S. Mail

24   to all class members who previously received only emails, Class Counsel expects this number to

25   rise in the coming days, prior to the claims deadline.  *See id.* ¶ 7.  Accordingly, assuming a total of

26   1,000 claims, and that Class Counsel's motion for attorneys' fees, reimbursement of costs and

27   expenses and payment of incentive awards is granted in full, class members who have submitted

28

claims are each slated to estimated receive payment amounts of approximately $2,401.47.[3]  Fisher Decl. ¶ 24.

As discussed at length in Plaintiffs' Motion for Final Approval of Class Action Settlement, which is incorporated herein, this is an excellent recovery, and the estimated payouts are several times typical payouts seen in other comparable TCPA class settlements.

**B.      Payment of Attorneys' Fees, Costs, and Incentive Awards**

The Settlement Agreement provides that "Class Counsel may apply to the Court for attorney's fees, expenses, and costs, totaling up to one-third of the $4.1 million settlement." Settlement Agreement ¶ 6.1.  The Settlement Agreement authorizes that Class Counsel, on behalf of the Class Representatives, "shall petition the Court for incentive awards in an amount up to $7,500 apiece."  *Id.* ¶ 5.1.

At no point has Class Counsel negotiated its attorneys' fees with CSB.  Settlement Agreement ¶ 6.  Nor does the Settlement Agreement have a "clear sailing" provision.  *Id.*  The Settlement Agreement does permit Class Counsel to apply for up to one-third of the Settlement Fund for its attorneys' fees, but CSB is free to oppose this request.  *Id.*

**IV.     CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND REASONABLE**

Under Ninth Circuit standards, a District Court may award attorneys' fees under either the "percentage-of-the-benefit" method or the "lodestar" method.  *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  Class Counsel's fee request is fair and reasonable under either of these methods.

**A.      The Percentage Of The Benefit Method**

Under the common fund doctrine, courts typically award attorneys' fees based on a percentage of the total settlement.  *See State of Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming

---

[3] As noted above, this number assumes that a total of 1,000 claims will be filed at the deadline. Should that number rise to 1,500 claims, the payout per class member would be $1,600.98.  Fisher Decl. ¶ 24.

attorney's fee award of 33% of the recovery); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorney's fee award of 33% of the recovery).

### 1. The Total Value Of The Settlement Fund Is $4.1 Million

To calculate attorneys' fees based on the percentage of the benefit, the Court must first determine the value of the Settlement Fund. In doing so, the Court must include the value of the benefits conferred to the Class, including any attorneys' fee, expenses, and notice and claims administration payments to be made. *See, e.g., Staton v. Boeing*, 327 F.3d 938, 972-74 (9th Cir. 2003); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 645 (S.D. Cal. 2011), *aff'd*, 473 F. App'x. 716 (9th Cir. 2012). Stated otherwise, California courts include the requested attorneys' fees when calculating the total value of the settlement fund. *Lealao v. Beneficial California, Inc*, 82 Cal. App. 4th 19, 33 (2000). Thus, "the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class …." *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 554 (2009) (quoting the Manual for Complex Litigation § 21.71 at 525 (4th ed. 2008)).

Here, because the Settlement Agreement creates a common fund of $4.1 million, that is the amount that should be used for a percentage-of-the-benefit analysis.

### 2. Class Counsel Achieved Extraordinary Results For The Class

The Ninth Circuit has established 25% of a common fund as a starting benchmark under a percentage-of-the-benefit analysis. *Hanlon*, 150 F.3d at 1029. However, the 25% benchmark would be unreasonably low here, given the advanced stage of the case, the hours of work performed, and the excellent results achieved. *See id.* at 148 ("The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases."); *see also Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272-73 (9th Cir. 1989) (explaining that the benchmark should be "adjusted upward or downward" based on the unique circumstances of the case).

The Ninth Circuit has identified five factors that are relevant in determining whether requested attorneys' fees in a common fund case are reasonable: (a) the results achieved; (b) the risk of litigation; (c) whether Class Counsel's work generated benefits beyond the Class settlement fund, (d) market rates as reflected by awards made in similar cases; and (e) the contingent nature of

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND
INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

5

the fee and the financial burden carried by the plaintiffs. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). Each of these factors points to a higher award in this case. Here, a fee of 33.3% is merited for the reasons set forth below.

<em>a.</em>   <u>*Class Counsel Achieved Extraordinary Results For The Class*</u>

The benefit obtained for the class is foremost among the factors in determining a proper fee. In this case, the significant monetary and prospective benefits achieved weighs heavily in favor of an upward adjustment from the 25% benchmark. *In re Bluetooth*, 654 F.3d at 942 (citing *Hensley*, 461 U.S. at 434-36). As noted above, each Class Member making a claim is currently slated to receive payment amounts of approximately $2,401.47. This exceeds the amounts obtained in the vast majority of TCPA settlements by an order of magnitude. *See, e.g.*, *Rose v. Bank of Am. Corp.*, 2014 WL 4273358, *10 (N.D. Cal. Aug. 29, 2014) (approving $20 to $40 per claimant); *Kazemi v. Payless Shoesource, Inc.*, No. 09-cv-5142, dkt. 94 (N.D. Cal. Apr. 2, 2012) (providing for a $25 merchandise voucher to each class member); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 944 (D. Minn. 2016) (approving a TCPA settlement that yielded $33.20 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 790 (N.D. Ill. 2015) ("$34.60 per claimant recovery in this case does not seem so miniscule in light of the fact that class members did not suffer any actual damages beyond a few unpleasant phone calls. . . ."); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1044 (S.D. Cal. 2015) ("Although Class Members are only expected to recover approximately $13.75, the Court finds that in light of the large number of Class Member claimants and high claims rate, the amount of the Settlement Fund weighs in favor of approving the Settlement."); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) ("[T]hirty dollars per claimant" is "within the range of recoveries" in TCPA class actions") (omitting quotation marks and citations); *Wright v. Nationstar Mortgage LLC*, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) ("And the $45 recovery per claimant is also in line with other TCPA settlements."); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) (recovery of $52.50 "falls well within the range of recoveries in other recent TCPA class actions"); *Charvat v. Travel Servs.*, 2015

WL 76901, at *1 (N.D. Ill. Jan. 5, 2015) (noting a "*pro rata* settlement award distribution of $48.37").

Because the Settlement provides a substantial monetary benefit to Class Members above and beyond that recovered in the vast majority of TCPA cases, this factor weighs heavily in favor of the reasonableness of the requested fee award.

### b. <u>Plaintiffs' Claims Carried Substantial Litigation Risk</u>

The second *Vizcaino* factor looks to the risk and novelty of the claims at issue. Both are certainly present here. *See gen*. Fisher Decl. ¶¶ 31-36 (discussing the risks of litigating Plaintiffs' claims). Class Counsel undertook significant financial risk in prosecuting this case.

Defendant vigorously opposed this case and raised numerous significant defenses to the claims presented. Most notably, there was a substantial risk that the class would not be certified in this case given CSB's argument that individual issues of consent predominated over common ones. While Plaintiffs strongly believed that Defendant failed to meet its burden on this point, courts have been divided when addressing this very issue, depending on the circumstances of the case. *Compare Meyer v. Portfolio Recovery Associates*, 707 F.3d 1036, 1042 (9th Cir. 2012) (upholding class certification) *with Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 328 (5th Cir. 2008) (reversing class certification).

Further, this case was one of some complexity and the docket reflects extensive litigation. There were numerous discovery disputes, a contested class certification motion, a Rule 23(f) petition, an *ex parte* motion to stay, and a motion to decertify the class. Fisher Decl. ¶¶ 11, 13, 18. The pending motion for decertification posed considerable risks to Plaintiffs in continuing the litigation. In addition, there was a substantial risk that Plaintiffs' case could have been derailed by the Ninth Circuit's decision in *Marks v. Crunch San Diego, LLC*, No. 14-56834 (9th Cir.). *Id.* Accordingly, significant legal obstacles faced the class from the onset and the risk and complexity of the suit supports approval of the requested attorneys' fees.

### c. <u>Class Counsel Skillfully Prosecuted This Action</u>

The litigation of a complex, multiparty, nationwide class action "requires unique legal skills and

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

7

abilities." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008).  However, the "single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." *In re Heritage Bond Litig.*, 2005 WL 1594389, at *12 (C.D. Cal. June 10, 2005). The quality of opposing counsel is also important in evaluating the quality of the work done by Class Counsel.  *Cohorst v. BRE Props., Inc.*, 2011 WL 7061923, at *20 (S.D. Cal. Nov. 14, 2011).

Here, Class Counsel faced an uphill battle not only in their pursuit of the facts in this complicated case, but in the formidable opposition by experienced class action defense counsel from Carlson & Messer LLP.  Despite these obstacles, Class Counsel succeeded in getting the nationwide class certified, defeating a 23(f) petition, and reaching this Settlement.  The ability of Class Counsel to obtain such a favorable settlement in these circumstances supports the requested fee award.

d.   *Market Rates As Reflected By Awards In Similar Cases*

Although the Ninth Circuit has established a benchmark fee of 25%, it is not uncommon for courts in this Circuit to award fees even higher than 25% in common fund cases.  For example, when awarding 32.8% of the settlement fund for fees and costs, Judge Patel explained: "absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%[,]" as this will "encourage plaintiffs' attorneys to move for early settlement, provide predictability for the attorneys and the class members, and reduce the time consumed by counsel and court in dealing with voluminous fee petitions." *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d at 378-79 (affirming attorney's fee of 33% of the recovery); *Williams v. MGM-Pathe Communications Co.*, 129 F.3d at 1026 (33.33% of total fund awarded); *Morris*, 54 Fed. App'x at 663 (affirming fee award of 33% of the recovery); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (citing to five recent class actions where federal district courts approved attorney fee awards ranging from 30% to 33%); *Martin v. AmeriPride Servs., Inc.*, 2011 U.S. Dist. LEXIS 61796, at *23 (S.D. Cal. June 9, 2011) (noting that "courts may award attorneys fees in the 30%-40% range"); *Singer v. Becton Dickinson & Co.*, 2010 U.S. Dist. LEXIS 53416, at *22-23 (S.D.

Cal. June 1, 2010) (approving attorney fee award of 33.33% of the common fund and holding that award was similar to awards in three other cases where fees ranged from 33.33% to 40%); *Ingalls v. Hallmark Mktg. Corp.*, 2009 U.S. Dist. LEXIS 131081 (C.D. Cal. Oct. 16, 2009) (awarding 33.33% fee on a $5.6 million common fund settlement); *Rippee v. Boston Mkt. Corp.*, No. 05-CV-1359 TM (JMA) (Dkt. No. 70, at 7) (S.D. Cal. Oct. 10, 2006) (awarding a 40% fee on a $3.75 million in a common fund settlement).

In TCPA settlements as well, courts in this Circuit and around the country have not shied away from awarding more than 25 % in fees.  Notably, this Court approved a fee of 33.75% in another TCPA settlement in *Lofton v. Verizon Wireless (VAW) LLC*, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016).  Other courts in the Circuit have done the same.  *see, e.g.*, *Dakota Med., Inc. v. RehabCare Grp., Inc.*, 2017 WL 4180497, at *10 (E.D. Cal. Sept. 21, 2017) (awarding one-third of common fund in attorneys' fees); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33%); *Hageman v. AT & T Mobility LLC*, 2015 WL 9855925, at *4 (D. Mont. Feb. 11, 2015) (awarding one-third of the common fund recovery in attorneys' fees); *James v. JPMorgan Chase Bank, N.A.*, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) (approving a request for a 30% attorney's fee); *Wright v. Nationstar Mortage LLC*, 2016 WL 4505169, at *14 (N.D. Ill. Aug. 29, 2016) ("[T]he baseline rate in TCPA common fund cases is 30% of the first $10 million of recovery" and "25% of the next $10 million") (quotation marks and citations omitted).

### e.   *The Contingent Nature Of The Fee And Financial Burden Borne By Class Counsel*

The fifth factor cited by Vizcaino was the contingent nature of the fee and the financial burden carried by the plaintiffs.  *Vizcaino*, 290 F.3d at 1050.  To date, Class Counsel has worked for over two years with no payment, and no guarantee of payment absent a successful outcome. Class Counsel also advanced $214,457.10 in out-of-pocket expenses, again with no guarantee of repayment.  If the case had advanced through trial, these expenses would have increased many-fold, and Class Counsel would have been required to advance these expenses potentially for several years to litigate this action through judgment and appeals.

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES CASE NO. 4:16-CV-03124-YGR

9

The burdens borne by Class Counsel in this case also included high costs for reverse lookup searches to identify class members, other expert fees, and extensive travel for mediations and hearings.  Travel destinations for this case spanned the state and included San Diego, Los Angeles, Sacramento (twice), and San Francisco.

### B.     The Requested Attorneys' Fees Are Reasonable Under A Lodestar Cross Check

Courts in the Ninth Circuit often examine the lodestar calculation as a cross-check on the percentage fee award to ensure that counsel will not receive a "windfall."  *Vizcaino*, 290 F.3d at 1050.  The cross-check analysis is a two-step process.  First, the lodestar is determined by multiplying the number of hours reasonably expended by the reasonable rates requested by the attorneys.  *See Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000).  Second, the court determines the multiplier required to match the lodestar to the percentage-of-the-fund request made by counsel, and determines whether the multiplier falls within the accepted range for such a case.  Here, the lodestar cross-check confirms the reasonableness of the requested fee.

As of November 20, 2018, Class Counsel have worked 1,794.9 hours on this case for a total lodestar fee, at current billing rates, of $924,783.  Fisher Decl. ¶ 40; *id.* Ex. B (Bursor & Fisher's detailed billing diaries for this case); Declaration of G. Thomas Martin, III in Support of Motion for Attorneys' Fees and Costs ("Martin Decl.") ¶¶ 21-22; *id.* Ex. A (Martin & Bontrager's detailed billing diaries for this case).  This represents a blended hourly rate of $515.23, which is well within the bounds of reasonable hourly rates in this District.  Fisher Decl. ¶ 50.  A fee award of 33.3%, or $1,365,300, would represent a multiplier of 1.48 over the base lodestar fee, *id.* ¶ 41, which is fair and reasonable and well within the accepted range of multipliers approved by courts in the Ninth Circuit.  *See*, *e.g.*, *Vizcaino*, 290 F.3d at 1051 (noting district court cases in the Ninth Circuit approving multipliers as high as 19.6); *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving fee award resulting in a multiplier of 5.2, and collecting similar cases); *Steiner v. Am. Broad. Co., Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (approving multiplier of 6.85); 4 Newberg on Class Actions § 14.7 (courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher.  The modest multiplier

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND
INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

10

provided by the lodestar cross-check demonstrates that the percentage fee sought by Class Counsel is fair and reasonable.

Class Counsel also incurred out-of-pocket expenses totaling $214,457.10.  Each of these expenses is itemized in the attached declarations.  Fisher Decl., Ex. 3; Martin Decl. ¶¶ 23-32.  Each was a necessary expense to the prosecution of this case.  Fisher Decl. ¶ 43.

**C.     The Court May Alternatively Grant The Requested Attorneys' Fees Under The Lodestar Method**

Under Ninth Circuit standards, a District Court may award attorneys' fees under the "lodestar" method.  *Hanlon*, 150 F.3d at 1029.  The lodestar figure is calculated by multiplying the hours spent on the case by reasonable hourly rates for the region and attorney experience.  *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011); *Hanlon*, 150 F.3d at 1029.  The resulting lodestar figure may be adjusted upward or downward by use of a multiplier to account for factors including, but not limited to: (i) the quality of the representation; (ii) the benefit obtained for the class; (iii) the complexity and novelty of the issues presented; and (iv) the risk of nonpayment.  *Hanlon*, 150 F.3d at 1029; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[4]  Courts typically apply a multiplier or enhancement to the lodestar to account for the substantial risk that class counsel undertook by accepting a case where no payment would be received if the lawsuit did not succeed.  *Vizcaino*, 290 F.3d at 1051.

**1.     Class Counsel Spent A Reasonable Number Of Hours On This Litigation At A Reasonable Hourly Rate**

Class Counsel worked very efficiently.  The law firms involved in this case coordinated their work throughout this litigation and there was no duplication of effort.  Class Counsel have submitted their detailed daily billing records showing what work was done and by whom.  Fisher

---

[4] *Kerr* identifies twelve factors for analyzing reasonable attorneys' fees:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

11

1   Decl., Ex. 2.  *See also* Martin Decl. Ex. A.  These records confirm Class Counsel's efficient billing.

2   For example, Bursor & Fisher strives to assign as much work as possible to less-senior lawyers

3   who bill at lower hourly rates in order to minimize fees for the Class.  More than 85% of attorneys'

4   hours (1188.9 hours) were billed by associates.  Fisher Decl. ¶ 50.  However, this was a novel case

5   that involved a lot of original work, which required significant involvement by more experienced

6   lawyers.  Bursor & Fisher partners billed 14.1% of the total hours (195.4 hours), primarily on

7   developing the litigation strategy, editing briefs on dispositive motions, making court appearances,

8   attending mediations, and negotiating the settlement.  *See id.*  In total, as of November 20, 2018,

9   Bursor & Fisher billed 1,384.3 hours and Martin & Bontrager billed 410.6 hours.  *See Id.* Martin

10  Decl. Ex. A.

11       Defendant was represented by very able counsel.  The case was hard fought, with

12  significant motion practice.  Given the number of contested motions, the volume of discovery, the

13  nature of the litigation, and the difficulty of the settlement negotiations, the number of hours Class

14  Counsel spent was reasonable.

15       The blended hourly rate for Bursor & Fisher's work of $532.36 is quite reasonable.  Fisher

16  Decl. ¶ 50.  Martin & Bontrager's blended hourly rate of $457.46 is also reasonable.  *See* Martin

17  Decl. ¶¶ 21-22.  And the hourly rates for each of the lawyers who staffed the case, which are set

18  forth in the Fisher and Martin declarations and exhibits thereto, are also reasonable and amply

19  supported by the evidentiary material submitted therewith.  Fisher Decl. ¶¶ 45-48 & Ex. 2; Martin

20  Decl. Ex. A.  *See, e.g., In re Amgen Sec. Litig.,* 2016 U.S. Dist. LEXIS 148577, *27 (C.D. Cal. Oct.

21  25, 2016) (approving "a billing rate ranging from $750 to $985 per hour for partners, $500 to $800

22  per hour for 'of counsels'/senior counsel, and $300 to $725 per hour for other attorneys.  The Court

23  has reviewed the attorneys' **hourly rates** and hours worked, and found them reasonable, given the

24  duration of this litigation and the favorable settlement for the class.") (emphasis in original); *In re*

25  *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Products Liability Litig.*,

26  No. 10-ml- 02151 NS (FMOx), Dkt. No. 3933 (C.D. Cal. June 24, 2013) (finding that "[c]lass

27  counsel's experience, reputation, and skill, as well as the complexity of the case" justified their

28

rates that ranged from $150 to $950); *Negrete v. Allianz Life Ins. Co. of N. Am.*, 2015 U.S. Dist. LEXIS 168586, *51-52 (C.D. Cal. Mar. 17, 2015) (finding Class Counsel's hourly rates ranging from $335 to $905 "reasonable for complex class action litigation in Los Angeles.")

### 2. All Relevant Factors Support Applying A Multiplier To Class Counsel's Lodestar

The lodestar analysis is not limited to the initial mathematical calculation of class counsel's base fee. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). Rather, Class Counsel's actual lodestar may be enhanced according to those factors that have not been "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983) (citation omitted); *see also Morales*, 96 F.3d at 364. In a historical review of numerous class action settlements, the Ninth Circuit found that lodestar multipliers normally range from 0.6 to 19.6, with most (83%) falling between 1 and 4, and a bare majority (54%) between 1.5 and 3. *See Vizcaino*, 290 F.3d at 1051 n.6; *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 14:03 (3d ed. 1992) (recognizing that multipliers of 1 to 4 are frequently awarded). Yet state and federal courts often approve multipliers of 4 or more.[5]

In considering the reasonableness of attorneys' fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, novelty and complexity of the litigation, skill and experience of counsel, the results obtained, and awards in similar cases.

---

[5] *See, e.g., In re Cenco Inc. Sec. Litig.*, 519 F. Supp. 322 (N.D. Ill. 1981) (approving multiplier of 4 in securities class action); *Rabin v. Concord Assets Grp., Inc.*, 1991 U.S. Dist. LEXIS 18273 (S.D.N.Y. Dec. 19, 1991) (approving multiplier of 4.4 in securities class action); *Municipal Auth. of Bloomsburg v. Pennsylvania*, 527 F. Supp. 982 (M.D. Pa. 1981) (approving multiplier of 4.5); *In re Beverly Hills Fire Litig.*, 639 F. Supp. 915 (E.D. Ky. 1986) (approving multiplier of up to 5); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185 (S.D.N.Y. 1997) (approving multiplier of 5.5); *Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985) (approving multiplier of 6); *Muchnick v. First Fed. Savs. & Loan Assoc. of Phil.*, 1986 U.S. Dist. LEXIS 19798 (E.D. Pa. Sept. 30, 1986) (approving multiplier of 8.3 in a consumer class action); *Cosgrove v. Sullivan*, 759 F. Supp. 166 (S.D.N.Y. 1991) (approving multiplier of 8.74); *Perera v. Chiron Corp.*, Civ. No. 95-20725-SW (N.D. Cal. 1999, 2000) (approving multiplier of 9.14; cited in California Class Actions and Coordinated Proceedings §15.05).

*Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Kerr*, 526 F.2d at 70.  All of the factors weigh heavily in favor of the requested fee award in this action.  *Vizcaino*, 290 F.3d at 1051.

### a.   Complexity Of This Litigation

As the Court is aware, this action was hotly contested.  It required substantial original work, and significant risk that Class Counsel's efforts (and its out-of-pocket costs) would go uncompensated.  Settlement negotiations included multiple formal and informal discussions, which were complicated both in terms of the subject matter and damages analyses at issue.

Therefore, a multiplier of 1.48 is well within the parameters used throughout this Circuit.  Indeed, in light of the novelty and complexity of this case, the trailblazing work it required, and concomitant risks to counsel, a substantially higher multiplier would be justified.

### b.   Class Counsel Provided Exceptional Representation Prosecuting This Complex Case

Class Counsel respectfully submits that the lawyers at Bursor & Fisher and Martin & Bontrager have conducted themselves in this action in a professional, diligent and efficient manner.  Class Counsel have extensive experience in the field of class action litigation.  *See Id.*, Ex. 1 (Bursor & Fisher's resume); Martin Decl. ¶¶ 4-15 (detailing G. Thomas Martin's experience); Declaration of Nicholas J. Bontrager in Support of Motion for Attorneys' Fees and Costs ¶¶ 4-22 (detailing Nicholas Bontrager's experience).  Additionally, litigation tasks were allocated to prevent "over-lawyering" and inefficiency.  The bulk of the work was performed by a small number of attorneys fully familiar with the complex factual and legal issues presented by this litigation.  This division of labor permitted the work to be done efficiently, resulting in an economy of service and avoiding duplication of effort.

### c.   Class Counsel Obtained Excellent Class Benefits

As discussed above, based on the current number of claims, and assuming that this motion for fees, costs and incentive awards is granted in full, the Settlement will provide each claimant with an estimated payout of $2,401.47.  This amount far exceeds the recovery in the vast majority of TCPA actions by an order of magnitude.  The Notice Plan was also a resounding success, as direct notice was sent to over 56,000 Class Members.  Hack Decl. ¶ 4.

d.      *Class Counsel Faced A Substantial Risk Of Nonpayment*

A critical factor bearing on fee petitions in Ninth Circuit courts is the level of risk of non-payment faced by Class Counsel at the inception of the litigation.  *See, e.g., Vizcaino*, 290 F.3d at 1048.  The contingent nature of Class Counsel's fee recovery, coupled with the uncertainty that any recovery would be obtained, are significant.  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).  In *Wash. Pub. Power*, the Ninth Circuit recognized that:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases …. [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Id.* at 1299–1300 (citations omitted) (internal quotations marks omitted).

Throughout this case, Class Counsel expended substantial time and costs to prosecute a nationwide class action suit with no guarantee of compensation or reimbursement in the hope of prevailing against a sophisticated Defendant represented by high caliber attorneys.  *See* Fisher Decl. ¶ 32.  Class Counsel obtained a highly favorable result for the Class, knowing that if its efforts were ultimately unsuccessful, it would receive no compensation or reimbursement for its costs.  This fact alone supports a finding that Class Counsel is entitled to a multiplier.

## V.     CLASS COUNSEL'S EXPENSES ARE REASONABLE AND  NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ON BEHALF OF THE CLASS

To date, Class Counsel incurred out-of-pocket costs and expenses in the aggregate amount of $214,457.10 in prosecuting this litigation on behalf of the class.  Fisher Decl., ¶¶ 44, Ex. 3; Martin Decl. Ex. B.  These expenses are itemized in the declarations submitted to the Court herewith.

The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of a class action settlement.  *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).  Class Counsel is entitled to reimbursement for standard out-of-pocket expenses that an attorney would ordinarily bill a fee-paying client.  *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  The incurred

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

15

costs include class notice, expert fees, court fees, courier charges, travel costs, postage fees, and other related costs. *See* Fisher Decl., Ex. 3; (an itemized listing of each out-of-pocket expense incurred by Bursor & Fisher in connection with this case); Martin Decl. ¶¶ 23-32 (same for Martin & Bontrager). Each of these cost and expenses was necessarily and reasonably incurred to bring this case to a successful conclusion, and together they reflect market rates for the various categories of expenses incurred.

## VI.  THE REQUESTED SERVICE AWARDS FOR CLASS REPRESENTATIVES ARE REASONABLE AND STANDARD

In recognition of their efforts on behalf of the Class, and subject to the approval of the Court, Defendant has agreed to pay Class Representatives $7,500 each (for a total of $15,000), as appropriate compensation for their time and effort serving as the Class Representatives in this litigation.

Incentive awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59. Incentive awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Incentive awards are appropriate when a class representative will not benefit beyond ordinary class members. For example, where a class representative's claim makes up "only a tiny fraction of the common fund," an incentive award is justified. *Id.*, 901 F. Supp. at 299.

The requested amounts of $7,500 for Class Representatives Sandra West and Hector Membreno reflect the involvement and time each Class Representative dedicated to the case. The involvement of the Class Representatives in this action was critical to the ultimate success of the case. Class Counsel consulted with the Class Representatives throughout the investigation, filing,

prosecution and settlement of this litigation.  Fisher Decl., ¶¶ 52-56; *see also* Membreno Declaration in Support of Motion for Class Certification (ECF No. 51-3) ¶ 7 ("I have actively participated in this litigation by providing detailed allegations for inclusion in the complaint; by searching for documents in discovery; by sitting for a deposition; and by keeping abreast of developments in the litigation on a regular basis."); West Declaration in Support of Motion for Class Certification ¶ 7 (same).  As such, Plaintiffs West and Membreno were actively involved in the litigation and devoted substantial time and effort to the case.  They consulted with Class Counsel frequently and reviewed a wide variety of documents related to this case including the complaint and Settlement Agreement.  *Id.*  Both provided detailed information about their claims and sat for depositions.  *Id.*  Moreover, given that this case went until the brink of trial, Plaintiffs West and Membreno made preparations to testify at trial and "go the distance" in this litigation to continue to represent the Class and fight to obtain significant relief on their behalf.  *Id.*  Their actions and dedication have conferred a significant benefit on Class Members across the United States.

Accordingly, incentive awards of $7,500 for each of the Class Representatives are fair and reasonable.[6]

## VII.   CONCLUSION

Class Counsel were able to obtain a settlement that represents an excellent result for the Class.  This Settlement is the culmination of the determined and skilled work of Class Counsel for more than two years.  As a result, Plaintiffs respectfully request that this Court award the following:

- $1,365,300 in attorneys' fees to Class Counsel;

- $214,457.10 in costs and expenses to Class Counsel; and

---

[6] *See*, *e.g.*, *Van Vranken*, 901 F. Supp. at 299–300 (incentive award of $50,000); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *16–17 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (N.D. Cal. Jan. 26, 2007) (awarding $100,000 divided among four plaintiffs in overtime wages class action); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *8 (N.D. Cal. Feb. 6, 2012) (awarding $12,500 service award); *Bond v. Ferguson Enterprises, Inc.*, 2011 WL 2648879, at *15 (E.D. Cal. June 30, 2011) (approving service awards of $11,250); *Trujillo v. City of Ontario*, 2009 WL 2632723, at *5 (C.D. Cal. Aug. 24, 2009) (approving service awards of $30,000).

- Service Awards to Class Representatives West and Membreno of $7,500 each (for a total of $15,000).

For the foregoing reasons, the requests are reasonable and appropriate.

Dated:  November 20, 2018

**BURSOR & FISHER, P.A**.

By: ___*/s/ L. Timothy Fisher*___
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Yitzchak Kopel (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
            ykopel@bursor.com

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Boulevard, Suite 960
Los Angeles, California 90028
Telephone:  (323) 940-1700
Facsimile: (323) 238-8095
E-Mail:  tom@mblawapc.com
            nick@mblawapc.com

*Class Counsel*

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND
INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES
CASE NO. 4:16-CV-03124-YGR

18