**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA WEST and HECTOR MEMBRENO, individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>CALIFORNIA SERVICE BUREAU, INC.<br><br>                 Defendant. | Case No. 4:16-cv-03124-YGR<br><br>~~[PROPOSED]~~ **SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT**<br><br>**\*As Modified by the Court\***<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

On September 12, 2018, this Court granted preliminary approval of a proposed class action settlement between the parties in this Action. In the Preliminary Approval Order, the Court approved the procedures for giving notice and the forms of notice. Additionally, in the Preliminary Approval Order, the Court concluded that the parties' proposed settlement, as set forth in the Class Action Settlement Agreement, **attached here as Exhibit 1**, was within range of possible final approval.

Now, pending before the Court is the parties' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Incentive Awards. In accordance with the Preliminary Approval Order and the parties' Class Action Settlement Agreement, on January 22, 2019, the Court held a duly noticed Fairness Hearing for purposes of: (a) determining the fairness, adequacy, and reasonableness of the settlement; and (b) ruling upon an application by Class Counsel for a Fee and Expense Award and Plaintiffs' Incentive Awards.

The Court, having reviewed the papers filed in support of the Motions, heard the arguments of counsel, and good cause appearing therefore, hereby GRANTS the Motion for Final Approval and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Incentive Awards and hereby FINDS and ORDERS as follows:

1. This Court has personal jurisdiction over all Settlement Class Members, and subject matter jurisdiction to approve the Class Action Settlement Agreement, including all exhibits thereto. Venue is proper.

2. The parties have agreed to settle this action upon the terms and conditions set forth in the Class Action Settlement Agreement, which has been filed with the Court.

3. The Court has carefully reviewed the Class Action Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The definitions in the Class Action Settlement Agreement are hereby incorporated as though fully set forth in this Settlement Approval Order, and capitalized terms shall have the meanings attributed to them in the Class Action Settlement Agreement.

4.     The Notice Plan was implemented substantially in the form approved by the Court, and in the manner approved by the Court.  The Court-approved notice and Notice Plan to the Settlement Class, as set forth in the Preliminary Approval Order, constituted the best notice practicable under the circumstances.  The Court further finds that the notice and Notice Plan were reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Class Action Settlement Agreement, their right to object to or exclude themselves from the Class Action Settlement Agreement, and their right to appear at the Final Approval Hearing.  Notice included direct mail and email notice.  Notice and the Notice Plan were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.  The Court finds notice has been successfully implemented and that notice and the Notice Plan meet all applicable requirements of the Federal Rules of Civil Procedure, due process, and the rules of the Court.  The Court further finds that notice was sent in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court also authorizes fees and expenses to be paid to the Settlement Administrator in accordance with the Class Action Settlement.

5.     The Court finds that the settlement set forth in the Class Action Settlement Agreement is fair, reasonable, adequate as to, and in the best interests of the Settlement Class Members.  The settlement set forth in the Class Action Settlement Agreement provides meaningful relief to the Class and certainly falls within the range of possible recoveries by the Class.  Additionally, among other things, the fact that the parties' agreement is the result of arm's length negotiations, the risk of trial, and the complex legal and factual posture of this action support the finding that the settlement is fair, adequate, and reasonable.  Any objections to the settlement are overruled as without merit.

6.     Accordingly, the Class Action Settlement Agreement is hereby finally approved in all respects, and the parties are hereby directed to implement and consummate the Class Action Settlement Agreement according to its terms and provisions.

7.     The Court awards $1,365,300 to Bursor & Fisher, P.A. and Martin & Bontrager APC ("Class Counsel") as attorneys' fees.  Bursor & Fisher, P.A. shall be solely responsible for

determining the amount of monies to be paid, if any, to other Plaintiffs' counsel.

8.      The Court awards to Plaintiffs Sandra West and Hector Membreno ~~$7,500~~ **$5,000** each as an incentive award for their participation in this matter.

9.   The Court awards $214,457.10 to Class Counsel as reimbursement of out-of-pocket costs and expenses in connection with the prosecution of this matter.

10.      Defendants shall pay the Fee Award and Incentive Awards pursuant to and in the manner provided by the Class Action Settlement Agreement.

11.      Effective as of the date of the Final Approval Order and Judgment, each and every Settlement Class Member (except any such person who has filed a proper and timely Request for Exclusion) shall release and forever discharge, and shall be forever barred from asserting, instituting or maintaining against any or all of the Released Parties, any and all claims, demands, actions, causes of action, or lawsuits, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or other capacity, of every nature and description whatsoever that were brought in the Action or could have been brought in the Action or relating in any way to telephone calls by, from, or on behalf of CSB to Settlement Class Members, including but not limited to claims for any alleged TCPA violation or any other telephone or telemarketing-related federal, state or local law, regulation or ordinance, claims that in any way relate to automated calls (e.g., those made using an automatic telephone dialing system and/or artificial or prerecorded voice), collection calls, or telemarketing calls made by or on behalf of CSB to Settlement Class Members or telephone numbers assigned to Settlement Class Members.

12.      Upon the date of the Final Approval Order and Judgment, the above release of claims and the Class Action Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of all Plaintiffs, Class Representatives, and Settlement Class Members, and their predecessors, successors, assigns, heirs, or executors. All Settlement Class Members who have not been properly excluded themselves from the Settlement Class are hereby permanently barred and enjoined from

filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction related to the Released Claims.

13.     Neither the Class Action Settlement Agreement nor the releases given therein, nor any consideration therefor, nor any actions taken to carry out the terms of the Class Action Settlement Agreement, are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, defense, or of any point of fact or law on the part of any party. California Service Bureau denies the material allegations of the Consolidated Class Action Complaint.

14.     The parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Class Action Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Settlement Class or approval by the Court if such changes are consistent with this Settlement Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Class Action Settlement Agreement.

15.     This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Subject to the terms and conditions of the Class Action Settlement Agreement, this Court hereby dismisses the Action, including all individual claims and Settlement Member claims asserted therein, on the merits with prejudice, without fees or costs to any party, except the Fee Award and Incentive Awards provided by the Class Action Settlement Agreement, except that, without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over, (a) implementation, enforcement, and administration of the settlement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Class Action Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the settlement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Class Action Settlement Agreement.

16.     The Court hereby Sets a compliance hearing for <u>**Friday November 8, 2019**</u> on the Court's <u>**9:01 a.m.**</u> calendar in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. No later than five (5) business days prior to the date of the hearing, the parties shall file a Post-Distribution Accounting in compliance with this District's Procedural Guidance for Class Action Settlements.[1] If compliance is complete, the parties need not appear, and the compliance hearing will be taken off calendar.

IT IS SO ORDERED.

DATED: <u>January 23, 2019</u>

YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] *See* https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

[PROPOSED] ORDER APPROVING
AWARD OF ATTORNEYS' FEES, COSTS
AND EXPENSES, AND INCENTIVE
AWARDS

EXHIBIT 1

SANDRA WEST and HECTOR MEMBRENO, individually and on behalf of all other similarly situated,

                Plaintiffs,

    vs.

CALIFORNIA SERVICE BUREAU, INC.

                Defendant.

Case No. 4:16-cv-03124-YGR

**CLASS ACTION SETTLEMENT AGREEMENT**

Judge: Hon. Yvonne Gonzalez Rogers

 

 

This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement"), is made and entered into by and between Plaintiffs Sandra West and Hector Membreno (the "Representative Plaintiffs"), on behalf of themselves and the Settlement Class, and California Service Bureau, Inc. ("Defendant" or "CSB") to settle and compromise this action and settle, resolve, and discharge the Released Claims and the Released Parties, as defined below, according to the terms and conditions herein.

**RECITALS**

     **WHEREAS**, *West v. California Service Bureau, Inc.*, No. 4:16-cv-03124-YGR, was filed on June 8, 2016 and is currently pending before the Honorable Yvonne Gonzalez Rogers of the U.S. District Court for the Northern District of California, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

     **WHEREAS**, on July 5, 2016 a separate action, styled *Membreno v. California Service Bureau, Inc.*, No. 3:16-cv-03763 (N.D. Cal.) was filed, also alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

**WHEREAS**, on October 26, 2016, Judge Gonzalez Rogers granted a motion to relate the *West* and *Membreno* actions;

**WHEREAS**, on November 29, 2016, Judge Gonzalez Rogers granted a stipulation to consolidate the *West* and *Membreno* actions under the case number 4:16-cv-03763-YGR;

**WHEREAS**, on December 11, 2017, Judge Gonzalez Rogers granted the Representative Plaintiffs' motion for class certification, and appointed the Representative Plaintiffs as Class Representatives, and Bursor & Fisher, P.A. and Martin & Bontrager APC as Class Counsel (ECF No. 68);

**WHEREAS**, Defendant denies each and every one of Representative Plaintiffs' allegations of unlawful conduct, damages, or other injuries;

**WHEREAS**, based upon the discovery taken to date, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Representative Plaintiffs and Class Counsel have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement;

**WHEREAS**, to facilitate a resolution of the Litigation and mediate settlement discussions, the Settling Parties participated in a mediation in Los Angeles, CA with Jill Sperber, Esq. of Judicate West on December 6, 2017 and again on March 23, 2018 in Santa Ana, CA;

**NOW THEREFORE**, subject to the Final Approval Order of the Court as required herein and applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that all Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

## <u>TERMS AND CONDITIONS OF THE SETTLEMENT</u>

### 1. DEFINITIONS

1.1     As used in this Settlement Agreement, the following capitalized terms have the meanings specified below.  Unless otherwise indicated, defined terms include the plural as well as the singular.

1.2    "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Litigation, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and/or any proceedings thereon.

1.3    "Approved Claim" means a claim submitted by a Settlement Class Member that: (a) is received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) is fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the directions on the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order and Judgment.

1.4    "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 7.4.

1.5    "Claims Deadline" means the date that is sixty (60) days after the Notice Date.

1.6    "Claim Form" means the document to be submitted by Claimants under penalty of perjury seeking payment pursuant to this Settlement, attached as Exhibit A.

1.7    "Claimant" means a Settlement Class Member who submits a Claim Form.

1.8    "Class Counsel" means Bursor & Fisher, P.A, and Martin & Bontrager, APC.

1.9    "Court" means the U.S. District Court for the Northern District of California.

1.10    "Complaint" means the operative complaint in this Litigation at the time the Court enters the Preliminary Approval Order.

1.11    "Defendant" means collectively, California Service Bureau, Inc., as well as its past, present, and future officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, partners, distributors, principals, insurers, administrators, agents, servants, officers, directors, employees, successors, trustees, vendors, subcontractors, alleged co-conspirators, buyers, independent contractors, attorneys, representatives, heirs, executors,

experts, consultants, and assigns of all of the foregoing persons and entities who placed calls to the Settlement Class on behalf of California Service Bureau, Inc.

1.12 "Defense Counsel" means Defendant's counsel of record in the Litigation, Carlson & Messer LLP.

1.13 "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final. As used in this definition, "Final" means one business day following the later of the following events: (i) the expiration of three (3) business days after the time to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to file any Notice of Appeal has passed without any Appeal having been taken; and (iii) the resolution of any Appeal in a manner that does not reverse or vacate the Final Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement.

1.14 "Fee Award" means the amount of attorneys' fees that may be awarded by the Court and that will be paid out of the Settlement Fund.

1.15 "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Order is issued and Settlement Class Members have been given reasonable notice and an opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

1.16 "Final Approval Order" means an order, providing for, among other things, final approval of the Settlement.

1.17 "Judgment" means the judgment to be entered by the Court pursuant to the Settlement.

1.18 "Litigation" means *West v. California Service Bureau, Inc.*, No. 4:16-cv-03124-YGR and *Membreno v. California Service Bureau, Inc.*, No. 3:16-cv-03763 (N.D. Cal.), currently pending in the U.S. District Court for the Northern District of California;

1.19 "Mediator" shall mean Jill Sperber, Esq. of Judicate West.

1.20  "Long Form Notice" means a document, substantially in the form of Exhibit B hereto, and "Postcard Notice" means a document substantially in the form of Exhibit C hereto, to be disseminated in accordance with the Preliminary Approval Order, informing Persons who fall within the Settlement Class of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement, and their options with respect thereto.

1.21  "Notice Date" means the first date on which the Notice is disseminated pursuant to the Notice Plan.

1.22  "Notice Plan" shall mean the proposed plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court.

1.23  "Objection Deadline" means the date that is sixty (60) days after the Notice Date.

1.24  "Opt-Out Deadline" means the date that is sixty (60) days after the Notice Date.

1.25  "Parties" means, collectively, Representative Plaintiffs and CSB.

1.26  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.27  "Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Settlement Class according to the Notice Plan.

1.28  "Reimbursement of Litigation Costs and Expenses" means the amount of litigation costs and expenses that may be reimbursed to Class Counsel by order of the Court and that will be paid out of the Settlement Fund.

1.29  "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits of the Settlement Class Members, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever that were brought in the Litigation or could have been brought in the

Litigation or relating in any way to telephone calls by, from, or on behalf of CSB to Settlement Class Members, including but not limited to claims for any alleged TCPA violation or any other telephone or telemarketing-related federal, state or local law, regulation or ordinance, claims that in any way relate to automated calls (e.g., those made using an automatic telephone dialing system and/or artificial or prerecorded voice), collection calls, or telemarketing calls made by or on behalf of CSB to Settlement Class Members or telephone numbers assigned to Settlement Class Members.

1.30 "Released Parties" means CSB, each, any and all of its past, present and future heirs, executors, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint venturers, entities in which CSB has a controlling interest, holding companies, employees, agents, consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, auditors, legal representatives, successors in interest, affiliates, trusts, and corporations; and each and all of the past, present, and future officers, directors, principals, representatives, employees, agents, shareholders, attorneys, successors, executors, and assigns of any of the foregoing Persons.

1.31 "Releasing Parties" means: (a) Representative Plaintiffs; (b) Settlement Class Members who do not timely request exclusion from the Settlement Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present, former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns of each of them, and any other representatives of any of the foregoing Persons.

1.32     "Representative Plaintiffs" means Sandra West and Hector Membreno.

1.33     "Settlement" means the settlement set forth in this Agreement.

1.34     "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in providing notice, processing claims, administering the Settlement, and mailing checks for Approved Claims. Settlement Administration Expenses shall be paid from the Settlement Fund as they come due.

1.35     "Settlement Administrator" means the settlement administrator Kurtzman Carson Consultants, LLC ("KCC").

1.36     "Settlement Class" means all persons within the United States who, within the four years prior to the filing of the complaint in this action, through the date of class notice (the "Class period"), Defendant or its agent/s or employee/s caused to be made at least 2 telephone calls using its Global Connect dialer to said person's cellular telephone, where such person was not listed in Defendant's records as the intended recipient of the calls.

1.37     "Settlement Class Member" means a person who falls within the definition of the Settlement Class who did not previously opt out of the certified class in this case, and who does not request exclusion from the Settlement as set forth in Paragraph 10.4.

1.38     "Settlement Class Period" means June 9, 2012 through January 19, 2018.

1.39     "Settlement Class Recovery" means the amount of the Settlement Fund available for distribution to the Settlement Class, after payment of Settlement Administration Expenses, litigation costs and expenses, any Fee Award to Class Counsel, and any approved incentive award to the Representative Plaintiffs.

1.40     "Settlement Fund" means the fund into which CSB will transfer funds, on an as needed basis, to cover all costs, expenses, and fees associated with the Settlement according to the terms set forth in this Agreement.

1.41     "Settling Parties" means, collectively, Defendant, Representative Plaintiffs, and all Settlement Class Members.

2. **DENIAL OF WRONGDOING AND LIABILITY**

2.1     Defendant denies the material factual allegations and legal claims asserted by Representative Plaintiffs in the Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Further, Defendant maintains that it has strong, meritorious defenses to the claims alleged in the Litigation and that it was prepared to vigorously defend all aspects of the Litigation.

3. **THE BENEFITS OF SETTLEMENT**

3.1     Class Counsel and Representative Plaintiffs recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and appeals.  Class Counsel also has taken into account the strength of Defendant's defenses, difficulties in proving liability, and the uncertain outcome and risk of the litigation, especially in complex actions such as this one, and the inherent delays in such litigation.  Class Counsel believes that the proposed Settlement confers substantial benefits upon the Settlement Class.  Based on their evaluation of all of these factors, Representative Plaintiffs and Class Counsel have determined that the Settlement is in the best interests of Representative Plaintiffs and the Settlement Class.

4. **SETTLEMENT TERMS**

4.1     <u>Settlement Fund.</u>  Defendant agrees to provide a total Settlement Fund in the amount of four million, one hundred thousand dollars ($4,100,000.00) for the purpose of making all required payments under this Settlement, including payments for Approved Claims, any approved Fee Award, any approved Reimbursement of Litigation Costs and Expenses, any approved Incentive Awards, and the costs of reasonable class notice and class administration. The Parties agree Defendant's maximum monetary obligation under this Agreement shall not exceed $4,100,000.00.  In no event shall Defendant's total financial liability with respect to this Agreement, the Released Claims, and the Settlement exceed $4,100.000.00.  Defendant shall fund the Settlement Agreement pursuant to Section 4.3, below. and upon receipt of wire instructions provided by the Settlement Administrator to Defendant and an executed W-9),

Defendant will reimburse the Settlement Administrator for any reasonable and necessary fees and expenses incurred in class notice and administration in this action to date, as set forth in Section 4.3, below.

4.2    <u>Total Financial Commitment</u>. The Parties agree Defendant's maximum monetary obligation under this Agreement shall not exceed $4,100,000. In no event shall Defendant's total financial liability with respect to this Agreement, the Released Claims, and the Settlement exceed $4,100,000.

4.3    <u>Schedule of Payments</u>. The Defendant will pay other portions of the settlement as follows:

4.3.1    <u>Notice and Other Administrative Costs</u>. Amounts equal to the cost of publishing the Class Notice and other administrative costs, to be paid thirty (30) days after such amounts are invoiced by the Claims Administrator to Defendant for work completed and due and owing.

4.3.2    <u>Fee Award</u>. An amount equal to the Fee Award, to be paid as described at Paragraph 6.4, below.

4.3.3    <u>Reimbursement of Reasonable Litigation Costs and Expenses</u>. An amount equal to the Reimbursement of Litigation Costs and Expense, to be paid as described at Paragraph 6.4, below.

4.3.4    <u>Incentive Awards</u>. Within thirty (30) business days after the Effective Date, an amount equal to any Incentive Awards, not to exceed $7,500 for each Representative Plaintiff, as may be ordered by the Court and as described at Paragraphs 5.1-5.3, below.

4.3.5    <u>Funding of Settlement to Claims Administrator</u>. An amount equal to $4,100,000.00, less the sum of (i) the total Notice and Other Administrative Costs, (ii) the Fee Award, (iii) the Reimbursement of Litigation Costs and Expenses, and (iv) the Incentive Award, which amount is to be paid to the Settlement Administrator thirty (30) business days after the Effective Date. The Settlement Administrator will hold those funds in an interest-bearing-account which shall be a Qualified Settlement Account ("QSF") under section 468B of the

Internal Revenue Code and 26 C.F.R section 1.468-B, established pursuant to the Preliminary

Approval Order.  The Settlement Administrator will be the Administrator of the QSF.

       4.4       <u>Payment to Settlement Class Members</u>.

           4.4.1   Each Settlement Class Member shall be entitled to submit only one

claim, and only one claim can be made per telephone number, regardless of the number of

calls to that phone number.

           4.4.2   Adequate and customary procedures and standards will be used by the

Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate

claims, including, but not limited to, verifying claimed telephone calls with Defendant.

           4.4.3   Payment will be made to Settlement Class Members who timely submit a

valid Claim Form under penalty of perjury by the Claims Deadline after any approved attorneys'

fees, expenses, and costs, any approved service awards, and costs of reasonable class notice and

class administration are deducted from the Settlement Fund.

           4.4.4   Each Settlement Class Member who timely submits a valid Claim Form

by the Claims Deadline shall be entitled to a single payment in an amount equivalent to his or her

*pro rata* share of the Settlement Fund after any approved Fee Award, any approved service

awards, and Settlement Administration Costs are deducted.  Each Settlement Class Member shall

be entitled to receive an amount equal to the Settlement Class Recovery divided by the total

number of Approved Claims.

           4.4.5   Payments will be made directly to the Settlement Class Member by the

Settlement Administrator.

**5.      REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARD**

       5.1       Class Counsel, on behalf of Representative Plaintiffs, shall petition the Court for

incentive awards in an amount up to $7,500 apiece.  In the event the Court approves the

Settlement but declines to approve incentive awards in the amount requested by Class Counsel,

the Settlement will nevertheless be binding on the Parties and all Settlement Class Members.

       5.2       The incentive awards, in the amounts approved by the Court shall be paid solely

out of the Settlement Fund thirty (30) business days after the Effective Date, consistent with

section 4.3.4, and shall not increase Defendant's total financial liability with respect to this Agreement or Settlement.

5.3     Defendant shall have no liability to Representative Plaintiffs or any other Person arising from any claim regarding payment of any award of an incentive award, so long as Defendant complies with its obligations under this Agreement.

**6.     ATTORNEYS' FEES, EXPENSES, AND COSTS**

6.1     Class Counsel may apply to the Court for attorney's fees totaling up to one-third of the $4.1 million settlement.  Any Fee Award approved by the Court shall not increase Defendant's total financial liability with respect to this Agreement or Settlement.  Defendant may oppose any amounts sought to be recovered as attorney's fees by Class Counsel.

6.2     Class Counsel may also apply separately for Reimbursement of Litigation Costs and Expenses reasonably expended to prosecute this Action for the benefit of the Settlement Class.  Any Reimbursement of Litigation Costs and Expenses approved by the Court shall not increase Defendant's total financial liability with respect to this Agreement or Settlement. Defendant may oppose any amounts sought to be recovered as litigation costs and expenses by Class Counsel.

6.3     Defendant shall have no liability to Class Counsel or any other Person arising from any claim regarding the division of any award of attorneys' fees between and among Class Counsel or any other counsel who may claim entitlement to any portion of the Fee Award.

6.4     Such fees, costs and expenses, if approved by the Court, shall be payable thirty (30) days following the Court's Order on the Fee Award, and Order regarding Reimbursement of Litigation Costs and Expenses, and said payment shall under no circumstances occur prior to thirty (30) days following the Final Approval Order and Judgment, subject to Class Counsel, and the equity partners of the respective firms executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit D.  Payment will be made by wire to Bursor & Fisher via the following account and wire instructions:

Name of Account: Bursor & Fisher, P.A. Attorney Escrow
Name of Bank: Citibank

Address of Bank: 170 West 72nd Street, New York, NY

ABA NO: 021000089
ACCOUNT NO: 9987277139

6.5     Notwithstanding the foregoing, if the Final Approval Order, or any part of it is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or the Settlement is voided, rescinded, or otherwise terminated for any other reason, then Class Counsel shall, within twenty (20) business days, repay to Defendant the full amount of the Fee Award and Reimbursement of Litigation Costs and Expenses paid by Defendant to Class Counsel, plus accrued interest at the same net rate as is earned by judgments entered by federal courts.

6.6     If the amount of the Fee Award or the Reimbursement of Litigation Costs and Expenses is reduced after they have been paid by Defendant, then pursuant to the terms of the Undertaking, each law firm or attorney shall repay to the Defendant the amount of the reduction applicable to that law firm's or attorney's portion of the Fee Award and Reimbursement of Litigation Costs and Expenses, plus accrued interest at the same net rate as is earned by judgments entered by federal courts, within twenty (20) business days.

6.7     In the event of any repayment pursuant to Paragraphs 6.5-6.6, then liability for the return of such payments will attach to each law firm and each attorney pursuant to the terms of the Undertaking(s) executed by those law firms and attorneys.  To effectuate this provision, each individual attorney or law firm who receives a share of payments under this provision shall execute the Undertaking in the form attached as Exhibit D.

6.8     The Court shall retain jurisdiction of any dispute regarding the Fee Award and any repayment of any amount of the Fee Award.  The Court shall also retain jurisdiction of any dispute regarding the Reimbursement of Litigation Costs and Expenses, and any repayment of any such amount.

**7.    ADMINISTRATION AND NOTICE**

7.1     All costs and expenses of administering the Settlement and providing reasonable Notice in accordance with the Preliminary Approval Order shall be paid by the Defendant from the $4.1 million settlement.

7.2     <u>Responsibilities of Settlement Administrator</u>.  The Settlement Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan, and by timely serving CAFA Notice, although Defendant shall retain ultimate responsibility for effecting CAFA notice within the required time.

7.3     <u>Case Website</u>

7.3.1     The Settlement Administrator will update and maintain the Case Website, to be updated with relevant information regarding settlement within 30 days of Preliminary Approval.  The website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Long-Form Notice, the Claim Form, and the Preliminary Approval Order.  Settlement Class Members shall have the option to file a claim electronically using the Case Website.

7.3.2     The Case Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full, if the Settlement is terminated or otherwise not approved in full.

7.3.3     All costs and expenses related to the Case Website shall be paid out of the $4.1 million settlement.

7.4     <u>CAFA Notice</u>

7.4.1     The Parties agree that the Settlement Administrator shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

7.4.2     All costs and expenses related to the CAFA Notice shall be paid out of the $4.1 million settlement.

1    7.4.3    The Settlement Administrator will file a certification with the Court

2 stating the date(s) on which the CAFA Notices were sent.  Each Party will provide the other

3 Parties with any substantive responses received in response to any CAFA Notice.

4    7.5    Notice Plan

5    7.5.1    The Notice shall conform to all applicable requirements of the Federal

6 Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clauses), Cal. Civ.

7 Code § 1781, and any other applicable law, and shall otherwise be in the manner and form

8 agreed upon by the Parties and approved by the Court.

9    7.5.2    Subject to Court approval, no later than thirty (30) days after the Court

10 enters the Preliminary Approval Order, the Settlement Administrator shall send direct notice

11 substantially in the form of the Summary Notice in Exhibit C, via U.S. Postal Service, to the

12 names and addresses provided by CSB to the Settlement Administrator.

13   **8.    CLAIMS PROCESS**

14   8.1    Submission of Claims.  Settlement Class Members must timely submit, by mail or

15 online, a valid Claim Form substantially in the form attached as Exhibit A by the Claims

16 Deadline.  All Claim Forms must be postmarked or submitted to the Settlement Administrator,

17 either in hard copy form or electronically via the Settlement Website, by the Claims Deadline.  A

18 valid Claim Form means a Claim Form containing all required information and which is signed

19 by the claimant and is timely submitted.  Any Claim Form which is not timely submitted shall be

20 denied.  In the event a Settlement Class Member submits a Claim Form by the Claims Deadline

21 but the Claim Form is not complete, then the Settlement Administrator shall give such

22 Settlement Class Member a reasonable opportunity to provide any requested missing

23 information.  For any Class Member who submits a Claim Form determined by the Settlement

24 Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such

25 Class Member, notifying him or her of the missing information and providing him or her with an

26 opportunity to cure (the "Cure Notice").  Class Members must cure incomplete claims on or

27 before the Effective Date.

28

8.2     Claims Processing.  The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form, and any Claim Form submitted that does not meet the requirements of this Agreement or of the Claim Form is not eligible to be an Approved Claim.  The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall deny Claim Forms where there is evidence of abuse, fraud, or duplication.  The Settlement Administrator's decisions regarding the Settlement Class Members' eligibility for a claims payment shall be final.  The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

8.3     Payment of Claims.  Within sixty (60) days after the Effective Date or sixty (60) days after the Claims Deadline (whichever is later), or such other date as the Court may set, the Settlement Administrator shall pay from the Qualified Settlement Fund all Approved Claims by check made payable to the Settlement Class Member submitting each Approved Claim, which shall be mailed to those Settlement Class Members via first-class mail.

8.4     All payments to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on a *pro rata* basis to Settlement Class Members who submitted an Approved Claim and who cashed their checks, if doing so is administratively and economically feasible (i.e., those Settlement Class Members would receive a second distribution of more than $5 after costs of administration).  Any remaining monies, including to the extent a second distribution is not administratively feasible, shall be distributed as a *cy pres* award to the State Bar of California's Access to Justice program, subject to the approval of the Court.

8.5     No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any claim hereunder or in any other proceeding or before any other forum or

authority.  Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

**9.     RELEASES**

9.1     Upon entry of the Judgment, Representative Plaintiffs and each Settlement Class Member will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims against the Released Parties.

9.2     After entering into this Settlement Agreement, Representative Plaintiffs or Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims.  Representative Plaintiffs and Settlement Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

9.3     With respect to the Released Claims, all Settlement Class Members expressly waive and relinquish any rights or benefits available to them under California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

9.4     Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Settlement Agreement shall be given full force and effect according to each and all of its terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from, or are in any way connected with the Released Claims.

9.5     Upon entry of the Final Approval Order, Representative Plaintiffs, and any Settlement Class Member who does not Opt Out as set forth in Paragraph 13.16 are hereby

barred against bringing any action against any of the Released Parties for any of the Released Claims.

**10.      APPROVAL PROCESS**

10.1      Court Approval

10.1.1  Within thirty days of the execution of this Agreement, Class Counsel shall submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval").

10.1.2  The date the Motion for Preliminary Approval is filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

10.1.3  If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in accordance with the date set by the Court for the Final Approval Hearing.

10.1.4  If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment or if the Final Approval Order is reversed, vacated, overturned, or rendered void by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  If this Agreement is terminated, any portion of the Settlement Fund remaining, including any repayment of attorney's fees pursuant to Paragraphs 6.6-6.7, above, shall be returned to CSB.  Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Fee Award or Reimbursement of Litigation Costs and Expenses to Class Counsel, or any Incentive Award to the Representative Plaintiffs, described in Section 5 above, including any decision by any court to award less than the amounts sought, shall not prevent the Agreement from becoming effective, prevent Final Approval Order and Judgment from entry, or provide any grounds for termination of the Agreement or the Settlement.

10.2     Procedures for Objecting to the Settlement

       10.2.1  Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this section.  Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing, filed with the Court or mailed to Class Action Clerk, United States District Court, 1301 Clay St., Oakland, CA  94612, with a copy served on Class Counsel, Counsel for Defendant, and the Settlement Administrator at the addresses set forth in the Notice, and postmarked no later than the Objection Deadline. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

       10.2.2  Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *West v. California Service Bureau, Inc.*, No. 4:16-cv-03124-YGR" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and phone number(s) at which he or she received call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement.  If an objecting party chooses to appear at the hearing, no later than the Objection Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

       10.2.3  A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member.  No Settlement Class Member shall be permitted to raise matters at the Final Approval

Hearing that the Settlement Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

10.2.4  If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  Representative Plaintiffs or Defendant or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection, subject to Court approval.

10.2.5  Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

10.3     Right to Respond to Objections

10.3.1  Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than ten (10) days prior to the Final Approval Hearing.  The Settling Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand or overnight delivery, to the objector (or counsel for the objector).

10.4     Requests for Exclusion

10.4.1  Any Settlement Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from

this Settlement.  This written request for exclusion (or "opt-out") must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline.  A request for exclusion must be signed by the Settlement Class Member, and must include the Settlement Class Member's name, address, and the telephone number that allegedly received a call by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and the Settlement Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request for exclusion must be personally signed by the Settlement Class Member.  So-called "mass" or "class" opt-outs shall not be allowed.

10.4.2  Any Person in the Settlement Class who submits a request for exclusion may not file an objection to the Settlement.  If a Settlement Class Member submits a written request for exclusion pursuant to Paragraph 10.4.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.

10.5    Proposed Final Approval Order

10.5.1  After Notice is disseminated, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(i)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)    approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all

pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiffs and the Releasing Parties;

(iii)    find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv)    dismiss the Action (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the releases set forth above in Paragraph 1.29, make those releases effective as of the date of the Final Approval Order and Judgment, and

(v)    forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

## 11.    TAXES

11.1    Settlement Class Members, Representative Plaintiffs, the Settlement Administrator, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

## 12.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION

12.1    The Effective Date of this Agreement shall be the date the Judgment has become Final, as defined in Paragraph 1.13.

12.2    If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of May 14, 2018. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose,

and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

12.3    The Parties agree to request a stay of the Litigation pending approval of the Settlement.

## 13.    MISCELLANEOUS PROVISIONS

13.1    <u>Cooperation of the Parties</u>.  The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.  The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Settlement Class Members.  Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms.  Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

13.2    <u>Resolution of Dispute Without Admission.</u>  The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement covers claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

13.3    <u>Use in Subsequent Proceedings</u>.  Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Any party to this Litigation may file this Agreement and/or the Judgment in any action that may be brought against it to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4    Confidential Information.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

13.5    Incorporation of Exhibits.  Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.6    Modification.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

13.7    Integration.  This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Parties will bear their own respective costs.

13.8    Class Counsel's Authority.  Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class.

13.9    Parties' Authority.  Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

13.10    Counterparts.  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.

13.11    No Prior Assignments.  Representative Plaintiffs and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

1    13.14  Voiding the Agreement.  If 2% or more Settlement Class Members opt out of the

2    Settlement, Defendant may at its option elect to withdraw from the Settlement and void this

3    Agreement.

4    13.15  Governing Law.  This Agreement and any Exhibits hereto will be construed and

5    enforced in accordance with, and governed by, the internal, substantive laws of the State of

6    California without giving effect to that State's choice-of-law principles.  The headings used

7    herein are used for the purpose of convenience only and are not meant to have legal effect.

8    13.16  No Waiver.  The waiver by one Party of any breach of this Agreement by any

9    other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this

10   Agreement.

11   IN WITNESS WHEREOF, the Parties have executed and cause this Agreement to be

12   executed by their duly authorized attorneys, dated as of _____.

13

| Dated: 7-26-18 | _____<br>Matthew Clark, General Counsel<br>On Behalf of Defendant California Service Bureau, Inc. |
| Dated: | _____<br>Sandra West |
| Dated: | _____<br>Hector Membreno |

26   **APPROVED AS TO FORM AND CONTENT:**

| Dated: | |

1      13.15  <u>Governing Law</u>.  This Agreement and any Exhibits hereto will be construed and

2  enforced in accordance with, and governed by, the internal, substantive laws of the State of

3  California without giving effect to that State's choice-of-law principles.  The headings used

4  herein are used for the purpose of convenience only and are not meant to have legal effect.

5      13.16  <u>No Waiver</u>.  The waiver by one Party of any breach of this Agreement by any

6  other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this

7  Agreement.

8      IN WITNESS WHEREOF, the Parties have executed and cause this Agreement to be

9  executed by their duly authorized attorneys, dated as of _____.

| Dated: | |
| --- | --- |
| | _____ |
| | On Behalf of Defendant California Service Bureau, Inc. |
| Dated:<br>7/19/18 | _____<br>Sandra West |
| Dated: | _____<br>Hector Membreno |

**APPROVED AS TO FORM AND CONTENT:**

| Dated: | |
| --- | --- |
| | _____<br>David Kaminski<br>Carlson & Messer, LLP<br>Attorney for CSB |

| Dated: | |
|---|---|
| Aug 1, 2018 | *[signature]* |
| | _____ |
| | Hector Membreno |

**APPROVED AS TO FORM AND CONTENT:**

| Dated: | |
|---|---|
| | |
| | _____ |
| | David J. Kaminski |
| | Charles R. Messer |
| | Stephen A. Watkins |
| | Carlson & Messer LLP |
| | Attorney for Defendant California Service Bureau |
| Dated: | |
| | |
| | _____ |
| | Yitzchak Kopel |
| | BURSOR & FISHER, P.A. |
| | Attorney for Representative Plaintiffs and the Settlement Class |
| Dated: | |
| | |
| | _____ |
| | G. Thomas Martin, III |
| | MARTIN & BONTRAGER APC |
| | Attorney for Representative Plaintiffs and the Settlement Class |

**APPROVED AS TO FORM AND CONTENT:**

| Dated: 8/1/18 | *[signature]*<br>David J. Kaminski<br>Charles R. Messer<br>Stephen A. Watkins<br>Carlson & Messer LLP<br>Attorney for Defendant California Service Bureau |
|---|---|
| Dated: | _____<br>Yitzchak Kopel<br>BURSOR & FISHER, P.A.<br>Attorney for Representative Plaintiffs and the Settlement Class |
| Dated: | _____<br>G. Thomas Martin, III<br>MARTIN & BONTRAGER APC<br>Attorney for Representative Plaintiffs and the Settlement Class |

| | |
|---|---|
| Dated: | _____ <br> Hector Membreno |

**APPROVED AS TO FORM AND CONTENT:**

| | |
|---|---|
| Dated: | _____ <br> David J. Kaminski <br> Charles R. Messer <br> Stephen A. Watkins <br> Carlson & Messer LLP <br> Attorney for Defendant California Service Bureau |
| Dated: <br><br> 8/2/18 | _~~Y. Cm~~_____ <br> Yitzchak Kopel <br> BURSOR & FISHER, P.A. <br> Attorney for Representative Plaintiffs and the Settlement Class |
| Dated: | _____ <br> G. Thomas Martin, III <br> MARTIN & BONTRAGER APC <br> Attorney for Representative Plaintiffs and the Settlement Class |

Dated:

_____

Yitzchak Kopel
BURSOR & FISHER, P.A.
Attorney for Representative Plaintiffs and the Settlement
Class

Dated:

7/20/18

_____

G. Thomas Martin, III
MARTIN & BONTRAGER APC
Attorney for Representative Plaintiffs and the Settlement
Class